PEOPLE *v.* POWLER.[1]

1. CRIMINAL LAW—SENTENCE—COMMITMENT — ROBBERY — NATURE
OF OFFENSE.
    The common-law crime of robbery being superseded by statute
    in this State, a finding and commitment reciting a convic-
    tion of the crime of robbery describe no crime known to the
    law.

2. ROBBERY—ASSAULT WITH INTENT TO ROB.
    A conviction of assault with intent to rob may be had on a
    prosecution under the statute (§ 11484, 3 Comp. Laws) de-
    fining robbery where the robber is armed with a dangerous
    weapon, with intent, if resisted, to kill or maim the person
    robbed.

Error and certiorari to Lenawee; Chester, J. Submitted November 16, 1905. (Docket No. 241.) Decided December 4, 1905.

Ernie Powler was convicted of robbery and sentenced to imprisonment for not less than ten and not more than fifteen years in the State prison at Jackson. Reversed, and a new trial ordered.

*Charles T. Wilkins* and *Thomas J. Mahon*, for appellant.

*Theodore M. Joslin*, Prosecuting Attorney, for the people.

GRANT, J. The respondent in this case was the one impleaded with the respondent in *People* v. *Scofield*, ante, 221, in which an opinion is handed down herewith. The proceedings before the court were the same in both cases. As it was decided in *People* v. *Calvin*, 60 Mich. 119, that the common-law crime of robbery is superseded

[1] Rehearing denied January 23, 1906.

in this State by the statute, it follows that the finding and commitment do not describe any crime known to the law of Michigan. Had the court found respondent guilty of assault with intent to rob, the conviction could have been sustained under several decisions. *People* v. *Blanchard*, 136 Mich. 146, and authorities there cited. See, also, *People* v. *Calvin*, supra.

Section 11486, 3 Comp. Laws, defines robbery when not armed with a dangerous weapon. It is not contended that respondent was sentenced under this statute, or pleaded guilty to that crime.

Judgment reversed, and new trial ordered.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.