### PEOPLE v McCANN

1. LARCENY—ELEMENTS—CLAIM OF RIGHT.

> One who in good faith takes another's property under a claim of right does not commit larceny regardless of how puerile or mistaken the taker's claim may be.

2. PERJURY—ELEMENTS—WITNESSES—SELF-CONTRADICTION.

> Every self-contradiction by a witness in the heat of a contested trial is not perjury; the essence of perjury is a wilful untruth under oath relating to an issue of material fact.

Appeal from Midland, James R. Rood, J. Submitted Division 3 May 8, 1972, at Grand Rapids. (Docket Nos. 11767, 11768.) Decided July 24, 1972. Leave to appeal denied, 388 Mich 787.

Thomas McCann, Jr., was convicted of larceny and perjury. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward G. Durance,* Prosecuting Attorney, and *Robert J. Rhead,* Assistant Prosecuting Attorney, for the people.

*Ralph H. Bower,* for defendant.

Before: R. B. BURNS, P. J., and HOLBROOK and O'HARA,* JJ.

O'HARA, J. These are appeals of right from convictions by a trial judge trial on waiver of jury

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur 2d, Larceny § 41.

[2] 60 Am Jur 2d, Perjury §§ 1, 4 *et seq.*

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

trials. The first is for larceny.[1] The second is for perjury.[2] The perjury charge grew out of defendant's testimony in the larceny case. We consider them together.

In substance, this is what happened. Defendant's father sold an automobile to one of his employees. The consideration was a note for $1,752 payable at $73 per month for 24 months. McCann, Sr., deposited the note with a bank for collection. Payments were not made as scheduled. The bank returned the note to the payee. McCann, Sr., took the matter up with his son. The son, with more determination than judgment, hired a wrecker, located the car and hauled it back to some neutral ground. Defendant did have the wit to call the police before he seized the car and tell them of his intention so to do. As far as we can tell from the record, the police evidence precious little interest in the affair. Defendant claimed he acted under color of right. He exhibited the note that had the following notation across it: "1965 Chev. Imp. conv. Ownership will remain in the seller". Thus said McCann the younger, "All I did was pick up and haul away my father's car". Not so, said the wife of the employee-purchaser. The original note contained no such language. In support of her contention she exhibited a photocopy of the note as originally deposited with the bank. The car was my husband's. At best, McCann, Sr., had a simple action in debt for the unpaid balance of the note.

Enter Mr. Voorhees, McCann, Sr.'s accountant and, incidentally, father-in-law of McCann, Jr. Said Mr. Voorhees in effect: I drew up the note and omitted any reference to the identification of the vehicle and the title retention because the

[1] MCLA 750.356; MSA 28.588.
[2] MCLA 750.422; MSA 28.664.

employee-purchaser needed his wife's signature on the note and didn't want her to know why he was borrowing the money. Then Mr. Voorhees said *after* the note had been placed with the bank for collection, he, Voorhees, went to the bank, got the note and typed the title retaining words and vehicle description on the note. It is to be remembered that the note had not been negotiated or discounted and was simply in the bank for the purpose of receiving and crediting payments.

We have reviewed the record with care and addressed ourselves studiously to the briefs. Whatever defendant McCann did, or however bad his judgment, he didn't commit the crime of larceny. We can only say, as our own Supreme Court said for the ages years ago:

> "In all cases where one in good faith takes another's property under a claim of right so to do * * * he is exempt from the charge of larceny, however puerile or mistaken the claim may in fact be." *People v Hillhouse,* 80 Mich 580, 587 (1890).

Few perpetrators of larceny call the police in advance to advise them of their larcenous intent.

As to the perjury conviction, there is no doubt that McCann, Jr., contradicted himself on the witness stand. Fairly read, it must be said that all of the testimony about whether the note included the vehicle description and the title retaining words *before* it was placed with the bank, and hence whether defendant was in good faith acting under a claim of right, was a semantic hodgepodge. Defendant tried to explain his prior statement that the disputed wording was on the note before it went to the bank, and all of his testimony was at best equivocal. Every self-contradiction by a witness in the heat of a contested trial is not

perjury. Part of his testimony was manifestly based on his belief. The whole transcript does not bear that measure of wilful untruth under oath relating to an issue of material fact which is the essence of perjury.

We reverse both convictions and direct the discharge of the defendant from whatever sanctions were imposed pursuant to them.

Whether civil redress may exist for the purchaser is not before us.

All concurred.