PEOPLE v PORTER

1. Criminal Law—Appointed Counsel—Substitution.

 The trial court did not err in denying a defendant's request for substitution of appointed counsel where the defendant's objection to his counsel was an alleged lack of preparation but where the trial court had satisfied itself that defense counsel was prepared, and therefore there was no legitimate reason for seeking substitution of appointed counsel.

2. Criminal Law—Constitutional Law—Speedy Trial.

 A defendant was not denied his right to a speedy trial where the delay was 14 months, there was no evidence that defendant was prejudiced by the delay, and the delay was due in part to the fact that defendant was tried and convicted in another case during the period.

3. Criminal Law—Evidence—Prior Convictions—Introduction by Defendant.

 The trial court did not err in allowing the prosecution in a breaking and entering case to question the defendant regarding a prior conviction for possession of heroin where defendant's own counsel had first questioned him regarding his prior convictions.

4. Criminal Law—Lesser Included Offenses—Instructions to Jury.

 A defendant was not entitled to an instruction to the jury on a

---

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 315, 321, 323.

 Right of defendant in criminal case to discharge of, or substitution of other counsel for, attorney appointed by court to represent him, 157 ALR 1225.

 Incompetency of counsel chosen by accused as affecting validity of conviction, 74 ALR2d 1390.

[2] 21 Am Jur 2d, Criminal Law §§ 241–256.

[3] 30 Am Jur 2d, Evidence § 1175.

[4] 21 Am Jur 2d, Criminal Law § 494.

[5] 42 Am Jur 2d, Prosecuting Attorneys § 20.

[6] 47 Am Jur 2d, Jury § 141.

lesser included offense where no evidence was presented to the jury that would justify their concluding that a lesser offense was committed.

5. CRIMINAL LAW—CODEFENDANT'S GUILT—PROSECUTOR'S BELIEF.

A prosecutor's statement to the jury that he believed a codefendant was not guilty did not cause error where the prosecutor was arguing that the evidence supported that conclusion.

6. JURY—SELECTION—VOTER REGISTRATION LISTS—CONSTITUTIONAL LAW.

Failure to supplement the voter registration list with other similar lists to insure an impartially selected jury was not reversible error because the constitutional right to an impartially selected jury does not entitle an accused to a jury tailored to the circumstances of his particular case, and the use of voter registration lists is not improper as excluding the poor and those who decline to participate in elections from venire.

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 March 8, 1973, at Detroit. (Docket No. 13431.) Decided April 24, 1973.

Terrance Porter was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*John B. Phelps,* Assistant State Appellate Defender, for defendant.

Before: J. H. GILLIS, P. J., and McGREGOR and ADAMS,* JJ.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

McGREGOR, J. Defendant and two codefendants were tried for breaking and entering a business place with intent to commit larceny. MCLA 750.110; MSA 28.305. A jury found defendant and one of the codefendants guilty.

The defendant requested a substitution of appointed counsel and now argues that it was reversible error for the trial court to deny such substitution, citing *People v Charles O Williams,* 386 Mich 565 (1972).

In *Williams,* our Supreme Court held that it was an abuse of the trial court's discretion to deny defense counsel's motion to withdraw and to prevent the defendant from changing attorneys, and granting a continuance where (1) the defendant was asserting his constitutional right to counsel, (2) he had a legitimate reason for asserting this right—an irreconcilable bona fide dispute with his attorney over whether to call his alibi witnesses, (3) he was not guilty of negligence, and (4) the trial court was incorrect in stating that defendant had caused the trial to be adjourned several times.

It should be noted that in the instant case, defense counsel did not move to withdraw, there was no request for a continuance by defendant, and defendant was not seeking to substitute *retained* counsel. These facts all differ from those in the *Williams* case.

The crux of defendant's objection to his counsel was an alleged lack of preparation. The trial court pursued this complaint, specifically that defendant had just seen his attorney for the first time on the day of trial, and it developed that this statement by defendant was inaccurate. Further information was elicited that defense counsel had been representing the defendant at other legal proceedings when defendant could not be present because of

hospitalization and incarceration. The court satisfied itself that defense counsel was prepared to go to trial. The court did not refuse to grant a continuance so that defendant could hire retained counsel. It thus appears that defendant did not have a legitimate reason for seeking substitution of appointed counsel, and the *Williams* case is distinguishable factually.

Defendant further contends that he was denied his constitutional right to a speedy trial because of the delay of nearly 14 months between arraignment and trial. In *Barker v Wingo,* 407 US 514, 530; 92 S Ct 2182, 2192; 33 L Ed 2d 101, 116–117 (1972), the Supreme Court stated that a balancing test is to be applied in determining whether defendant has been denied his right to a speedy trial:

"A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."

In *People v Grimmett,* 388 Mich 590, 606–607 (1972), the Michigan Supreme Court stated:

"We believe that upon considering all of these factors, defendant was not denied his right to a speedy trial. In *Barker v Wingo, supra,* the delay was over 5 years; here it was 19 months. Moreover, there is no evidence that defendant was prejudiced by the delay. While it is difficult to measure prejudice in these circumstances, defendant has failed to point out any type of prejudice that did occur."

Likewise, in the instant case, defendant has

failed to point out any type of prejudice. Further, the record indicates that the delay of 14 months which occurred was due in part to the fact that defendant was tried and convicted in another case during this period. As there is no showing of prejudice and the delay is not excessive, we find no error.

Defendant further alleges that it was error to allow the prosecution to question him regarding a prior conviction for possession of heroin. It should be noted that defendant's own counsel first questioned him regarding his prior convictions. In such instance there is no reversible error. *People v Wilbourne,* 44 Mich App 376 (1972).

Defendant further claims reversible error in the refusal of the trial court to charge on lesser included offenses.

"The defendant's reliance on *People v Lemmons,* 384 Mich 1 (1970), is misplaced. *Lemmons* is an exception to the general rule that it is not error to fail to charge on included offenses in a case where the defendant has not requested such a charge. It has been said that the exception recognized in *Lemmons* is that where a defendant is entitled to a charge on a lesser offense it is error affirmatively to exclude the lesser offense from the jury's consideration even if there is no request to charge.

\* \* \*

"The rule is that entitlement to a charge on a lesser included offense largely turns on whether, on view of the evidence favorable to the defendant, there is evidence which would justify the jury in concluding that the greater offense was not committed and a lesser included offense was committed." *People v Gregory Thomas,* 38 Mich App 777, 779 (1972).

Applying the holding of *Thomas* to the facts of the instant matter, the trial court did not err in refusing to charge on the lesser included offenses.

We can find no evidence that would justify the jury in concluding that a lesser offense was committed than breaking and entering a business place with intent to commit larceny. The jury could have found defendant not guilty on the basis that the officers made a mistake in identification of the defendant, but there was no disputed evidence as to the commission of the offense charged. *People v Stephen,* 31 Mich App 604 (1971).

Defendant further claims that it was error for the prosecutor to state in rebuttal argument that he was not asking for a conviction of one of the codefendants, for the reason that he did not believe the evidence against the codefendant was sufficient for a conviction. It is not error for a prosecutor to tell a jury that he believes a defendant is not guilty, if he was arguing that the evidence supported that conclusion. *People v Fuston Thomas,* 36 Mich App 23 (1971).

Defendant further claims that the prosecutor made various improper remarks in summation rebuttal. Defendant did make a timely objection which was overruled. A careful review of the transcript reveals that defendant's allegations are without merit.

A further claim of the defendant is that the jury was inherently biased because it was selected from voter registration lists and that such lists consist of proportionately fewer young people than older ones. Defendant has the burden of proving such discrimination; he did not present any evidence in support of this claim. It is noted that defendant did ably argue this contention in his supplemental brief. He argues that telephone directories, public utility billing lists, welfare rolls, tax rolls, selective service registries, school registration lists, drivers license lists, and more should be used in augment-

ing jury lists based on voter registration. While such could be done, the law requires that the constitutional right to an impartially selected jury does not entitle an accused to a jury tailored to the circumstances of his particular case, and the use of voter registration lists is not improper as excluding the poor and those who decline to participate in elections from venire. *People v Williams,* 29 Mich App 420 (1971). While defendant's suggestion has merit, the failure to supplement the voter registration list is not reversible error.

Other alleged errors have been considered and found to be without merit.

Affirmed.

All concurred.