## PEOPLE v KARASEK

OPINION OF THE COURT

1. ROBBERY—ARMED ROBBERY—ELEMENTS OF CRIME—INTENT—LAR-
    CENY—SPECIFIC INTENT.

    The essential elements of armed robbery are (1) that an assault
    was committed by defendant upon a person, (2) that the defend-
    ant feloniously took any property which might be the subject of
    larceny from that person or in his presence, and (3) that the
    defendant was armed with a weapon described in the statute;
    larceny is a specific intent crime and is an integral part of any
    armed robbery, and, if the specific intent to steal required for a
    larceny is lacking, there can be no armed robbery.

2. ROBBERY—ARMED ROBBERY—LARCENY—INTENT—MISTAKEN BELIEF
    —INSTRUCTIONS TO JURY—APPEAL AND ERROR.

    One who takes the property of another by the authority of a third
    person who he believes in good faith to be the owner or
    entitled to possession is not guilty of larceny, or if the property
    was taken by a creditor himself in the honest, although mis-
    taken, belief that he has a right to pay himself the debt in this
    way, there is no larceny, therefore, it was an erroneous state-
    ment of the law for a trial court to instruct a jury in a trial for
    armed robbery that "the fact that it is claimed that the robbery
    was for the purpose of collecting a debt is not a claim or color
    of right which would justify a robbery or be a defense to a
    charge of robbery; no creditor is entitled to collect a debt at
    gunpoint or by means of an assault".

3. ROBBERY—ARMED ROBBERY—INTENT—CLAIM OF RIGHT—HONEST
    CONVICTION—INSTRUCTIONS TO JURY—HARMLESS ERROR.

    A court should give an appropriate instruction where there is

REFERENCES FOR POINTS IN HEADNOTES
[1] 67 Am Jur 2d, Robbery § 4.
[2, 3, 7] 67 Am Jur 2d, Robbery § 17.
[4] 21 Am Jur 2d, Criminal Law §§ 185, 494.
    75 Am Jur 2d, Trial §§ 876 *et seq.*
[5] 21 Am Jur 2d, Criminal Law §§ 315, 321.
[6] 75 Am Jur 2d, Trial §§ 544, 545.

some evidence that one accused of armed robbery took the property under a bona fide claim of right, but where there is no evidence presented to support this theory, it is not reversible error for the court to exclude the issue from jury consideration; a person is not guilty of larceny who in good faith takes the property of another and converts it to his own use, believing it to be legally his own or that he has a legal right to its possession, but in all cases the claim of right must be bona fide and not a mere cover for a felonious taking, and it must be something more than a vague impression and must amount to an honest conviction.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES—EXCLUSION—EVIDENCE—ELEMENTS.

Refusal of a trial court to give a requested instruction on a lesser included offense of the crime charged is reversible error only where evidence has been presented which would support a conviction of the lesser charge, and there is no evidence tending to support a lesser-included offense unless a question of fact exists with regard to an element of the greater offense that is not an element of the included offense.

5. CRIMINAL LAW—ATTORNEY AND CLIENT—RIGHT TO COUNSEL—PRIOR OFFENSES—MISTAKE OF COUNSEL—EFFECTIVE COUNSEL—NEW TRIAL—ACQUITTAL.

The intentional introduction by defense counsel of a defendant's prior criminal record did not constitute a serious mistake of counsel depriving the defendant of a fair trial or of effective assistance of counsel where the record was introduced as a trial tactic to support the defense theory that the defendant was not guilty of armed robbery because he was only collecting for a third party a debt incurred by the complainant in illegal activities; the test to be applied where a mistake of defense counsel is alleged to have denied a defendant adequate representation is whether it appears that a new trial, wherein the mistake complained of would not be repeated, would in all likelihood result in an acquittal.

DISSENT BY N. J. KAUFMAN, J.

6. APPEAL AND ERROR—INSTRUCTIONS TO JURY—ERRONEOUS INSTRUCTIONS—HARMLESS ERROR—ASSAULT—DEFENSES—EXCLUSION—DIRECTED VERDICT.

*A defendant has a right to have a properly instructed jury pass upon the evidence, and even without a request, a case may be reversed because of an erroneous or misleading charge; there-*

*fore where a court erroneously instructed that "no creditor is entitled to collect a debt at gunpoint or by means of an assault", this error was too close to being a directed verdict to be harmless error because it removed the defendant's only defense from the jury's consideration and charged the jury that the defendant had, in fact, committed an assault.*

7. LARCENY—INTENT—SUBJECTIVE BELIEF—JURY QUESTION.

*Seizure by a creditor of the property of his debtor with intent to appropriate the property to the taker's own use is not larceny where the act was done in belief that the owner of the thing taken was willing that it should be applied in satisfaction of the debt; therefore, a defendant's subjective belief must be determined by a jury where there is testimony in a trial for armed robbery that the complaining witness willingly suggested that the defendant take the property to satisfy a debt.*

Appeal from Chippewa, William F. Hood, J. Submitted June 2, 1975, at Grand Rapids (Docket No. 20881.) Decided August 27, 1975. Leave to appeal denied, 395 Mich 800.

Raymond J. Karasek was convicted of assault with intent to rob while being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Farrell E. Elliott,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, by *Dennis M. Powers,* Special Assistant Attorney General), for the people.

*James R. Newhard,* State Appellate Defender *(Arthur J. Tarnow,* of counsel), for defendant.

Before: McGREGOR, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

McGREGOR, P. J. On April 17, 1974, the defendant was convicted by a jury of the included offense of assault with intent to rob while being armed,

MCLA 750.89; MSA 28.284. He was subsequently
sentenced to a term of 10 to 20 years in prison
with all accumulated benefits. Defendant now ap-
peals his conviction as of right.

By complaint and information, defendant was
charged with the armed robbery of one Walter C.
Wylie, Jr. The complainant testified that he was
the officer of a loan company and that, at approxi-
mately 10:00 a.m. on the day in question, the
defendant came to his home and was admitted on
a false pretext. Defendant produced a rifle and
proceeded to tie the complainant's hands with a
rope. Complainant was then ordered to produce
cash or valuables. After the loan company had
closed for the day, complainant went there with
the defendant to obtain negotiable instruments
and other valuables. After obtaining certain bonds,
they returned to the complainant's home, where
subsequently the complainant was able to over-
power the defendant and call the police.

The defendant took the stand and denied com-
mitting an armed robbery. He testified that he was
engaged in illegal activities which entailed carry-
ing and transferring money which had been ob-
tained through illegal lending or from the buying
of narcotics, and that he went to complainant's
home for the purpose of collecting a "short on a
payment". The complainant advised him that he
did not have the money and became jittery and
belligerent. At this point, defendant showed his
gun and also tied complainant's hands. Defendant
further testified that it was the complainant's idea
that they should wait until evening before picking
up the bonds from the office and then take them to
Chicago for negotiation.

Complainant testified that he never worked with
the defendant in any illegal activities.

Defendant raises six issues on appeal. The first involves the following instruction to the jury by the trial court:

"The value of the property taken is immaterial, so long as it actually has some value. It must be taken by the defendant with a felonious intent, and without any claim or color of right, in order to constitute robbery.

"However, *the fact that it is claimed that the robbery was for the purpose of collecting a debt is not a claim or color of right which would justify a robbery or be a defense to a charge of robbery. No creditor is entitled to collect a debt at gunpoint or by means of an assault.*" (Emphasis added.)

Defendant contends that the above instruction was an erroneous statement of the law involved. He argues that his defense was based upon the theory that he was collecting a debt as an agent for an unnamed party to whom Wylie owed money and that, as a result, he had a right to such funds. He further contends that the above instruction erroneously took away from the jury the right to consider this defense.

Armed robbery is a statutory offense. MCLA 750.529; MSA 28.797. Under the statute, the essential elements of armed robbery are: (1) that an assault was committed by defendant upon the complainant; (2) that the defendant feloniously took any property which might be the subject of larceny from the complainant or in his presence; and (3) that the defendant was armed with a weapon described in the statute. *People v Needham,* 8 Mich App 679; 155 NW2d 267 (1967). Because larceny is a specific intent crime, armed robbery also requires specific intent as larceny is an integral part of any armed robbery. Therefore, if the specific intent to steal of larceny is lacking,

there can be no armed robbery. *People v Royce Alexander,* 17 Mich App 30; 169 NW2d 190 (1969), *People v Kelley,* 21 Mich App 612; 176 NW2d 435 (1970), *People v Ramsey,* 23 Mich App 11; 178 NW2d 105 (1970), *People v Stoner,* 23 Mich App 598; 179 NW2d 217 (1970). As stated in 3 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1799, pp 2144–2145:

"A felonious intent is an inseparable and essential ingredient of every larceny, and if a person takes property under a claim of right, however, unfounded, he is not guilty of the offense. In all cases where one in good faith takes another's property under a claim of right to do so, or under a claim of title in himself, he is exempt from a charge of larceny, however mistaken the claim may be in fact. It is a matter of evidence for the jury whether property was bona fide so taken, or whether it was taken with felonious intent."

A similar statement was made in *People v Hillhouse,* 80 Mich 580; 45 NW 484 (1890):

"In all cases where one in good faith takes another's property under a claim of right so to do, or of title in himself, he is exempt from the charge of larceny, however puerile or mistaken the claim may in fact be. 2 Bish Crim Law (7th Ed) § 851, and cases cited in note 5; *Rex v Hall,* 3 Car & P 409; 3 Chit Crim Law 926; *People v Eastman,* 77 Cal 171 (19 Pac Rep 266). It is a matter of evidence for the jury whether it was bona fide so taken, or whether it was taken from the person actually in possession of it with felonious intent. 2 Russ Crimes, 105." See also *People v McCann,* 42 Mich App 47; 201 NW2d 345 (1972) and *People v Shaunding,* 268 Mich 218; 255 NW 770 (1934).

The cases of *Driscoll v People,* 47 Mich 413; 11 NW 221 (1882), and *People v Henry,* 202 Mich 450; 168 NW 534 (1918), both involved charges of

armed robbery. In both cases it was said that if the defendant, in good faith, believed that the money which he demanded was his money, or that he was entitled to its possession, he could not be guilty of the crime of robbery, despite the use of force, because there would be no felonious intent.

Two statements from 52A CJS, Larceny, §§ 25-26, pp 448-450, are directly supportive of the defendant's contention: (1) One who takes the property of another by the authority of a third person whom he believes in good faith to be the owner or entitled to the possession is not guilty of larceny. (2) If the property is taken by the creditor in the honest, although mistaken, belief that he has a right to pay himself the debt in this way, however, there is no felonious intent and the taking is not larceny.

Based on the above authorities, we hold that the instruction given by the trial court was an erroneous statement of the law.

The question now arises as to whether this error constituted reversible error. The people contend that if there is no evidence that the accused took the property under any bona fide claim of ownership or right therein, or if the accused's own evidence tends to prove the contrary, no jury question is presented and the error would therefore be harmless. However, the converse is also true. Where there is some evidence that the accused took the property under a bona fide claim of right, the court should give an appropriate instruction covering this defense. 52A CJS, Larceny, § 150, pp 702-703. See also *Gillespie, supra,* and *Hillhouse, supra.*

As stated in *People v Reed,* 393 Mich 342; 224 NW2d 867 (1975):

"The instruction to the jury must include all ele-

ments of the crime charged, *People v Liggitt,* 378 Mich
706, 714; 148 NW2d 784 (1967), *People v Pepper,* 389
Mich 317, 322; 206 NW2d 439 (1973), and must not
exclude from jury consideration material issues, de-
fenses or theories if there is evidence to support them.
22 Mich Law & Practice, Trial, § 236, p 386." (Emphasis
added.)

After a careful review of the evidence in the
instant matter, we find that there was no evidence
presented to support the defendant's theory that
he took the property under a bona fide claim of
right and that, as a result, the trial court did not
commit reversible error by excluding this issue
from the jury's consideration.

In reaching this conclusion, we rely on the
defendant's own testimony at trial. He admitted
that he was engaged in collecting money from
illegal activities and that he knew that the alleged
debt in question was a product of such illegal
activities. We hold that such knowledge negates
the existence of good faith on the part of the
defendant. His own testimony conclusively showed
that he did not in good faith believe that he was
legally entitled to the possession of the bonds and,
likewise, it showed that he did not believe that
either he or his principal had a bona fide claim of
right thereto.

As stated in 52A CJS, Larceny, § 26, pp 449, 450:

"Where one, *in good faith,* takes the property of
another and converts it to his own use, *believing it to
be legally his own, or that he has a legal right to its
possession,* he is not guilty of larceny * * * *It is neces-
sary, however, in all cases that the claim of right be a
bona fide one and not a mere cover for a felonious
taking. The taker's claim of right must be something
more than a vague impression, it must amount to an
honest conviction.*" (Emphasis added.)

Under these circumstances, defendant was, therefore, not entitled to an instruction directing the jury's attention to the issue of whether the property was taken under a bona fide claim of right, as his own testimony negated this defense.

Defendant also contends that it was reversible error for the trial court to deny his request for an instruction to the lesser included offense of assault and battery. MCLA 750.81; MSA 28.276. Where a request has been made to charge the jury on a lesser-included offense, the duty of the trial judge is determined by the evidence. If evidence has been presented which would support a conviction of a lesser charge, refusal to give the requested instruction would be reversible error. *People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971), *People v Membres,* 34 Mich App 224; 191 NW2d 66 (1971), *People v Porter,* 46 Mich App 477; 208 NW2d 182 (1973). There must be sufficient evidence, however, when read in the light most favorable to the defendant, which would justify a jury in concluding that the greater offense was not committed and that a lesser offense was, in fact, committed. *People v Gregory Thomas,* 38 Mich App 777; 197 NW2d 97 (1972).

*People v Gardner,* 43 Mich App 574, 576; 204 NW2d 272 (1972), stated the test to be used:

"There is no evidence tending to support a lesser included offense unless a question of fact exists with regard to an element of the greater offense that is not an element of the included offense, *People v Loncar,* 4 Mich App 281, 289, 290; [144 NW2d 801] (1966).

"When does a question of fact exist? If there is conflicting evidence relating to the element of the greater offense that is not an element of the lesser offense * * * ."

We hold that, under the circumstances of this case, no evidence was presented that would justify an instruction on simple assault and battery. The fact that the defendant was armed at the time of the incident is not controverted. As a result, any assault committed would be at least felonious assault, MCLA 750.82; MSA 28.277, and not simple assault, as defendant contends. Therefore, the trial court did not err in denying defendant's request for an instruction on assault and battery.

Defendant next contends that he received inadequate representation from his trial counsel because his counsel did not seek to exclude defendant's prior convictions.[1] Instead, defense counsel introduced defendant's prior convictions during his direct examination of the defendant.

"The proper test to be applied where a mistake of counsel is alleged was stated by this court in *People v Tumpkin*, 49 Mich App 262, 264; 212 NW2d 38 (1973):

" 'Where a defendant asserts that a serious mistake on the part of the defense counsel resulted in an unfair trial, a new trial will only be granted when it appears that the new trial, wherein the mistake complained of would not be repeated, will in all likelihood result in an acquital. *People v Degraffenreid*, 19 Mich App 702; 173 NW2d 317 (1969).' " *People v Watkins*, 54 Mich App 576, 582–583; 221 NW2d 437 (1974).

After reviewing the record, we cannot say that there would be a likelihood of defendant's acquittal if the matter is reversed and it is ordered that his criminal record be excluded. Further, we cannot say that defendant's representation was any less than he would receive from any other counsel. *Beasley v United States*, 491 F2d 687 (CA 6, 1974).

Additionally, as defendant's defense was based

---

[1] *People v Jackson*, 391 Mich 323; 217 NW2d 22 (1974).

upon the theory that he was engaged in criminal activities and was only collecting a debt therefrom, the introduction of his prior convictions tended to support this position. Thus, we are unable to say that the introduction of defendant's prior convictions constituted such a serious mistake of counsel as to deprive the defendant of a fair trial or of effective assistance of counsel.

We hold, therefore, that the representation of this defendant by his counsel was neither incompetent nor ineffective in this case.

We have closely examined the defendant's remaining assignments of error and have found none which would justify reversal.

Affirmed.

D. E. HOLBROOK, J., concurred.

N. J. KAUFMAN, J. *(dissenting).* I agree with the majority that the challenged instruction is erroneous, but I cannot find, as is required, that this error is harmless beyond a reasonable doubt. *People v Swan,* 56 Mich App 22; 223 NW2d 346 (1974). By instructing the jury that "[n]o creditor is entitled to collect a debt at gunpoint or by means of an assault", the trial court (1) removed defendant's only defense from the jury's consideration and (2) charged the jury that defendant had, in fact, committed an assault. The challenged instruction is too close to representing a de facto directed verdict against defendant to be harmless error.

The majority's determination that the instruction constituted harmless error is founded on its belief that defendant's "own testimony conclusively showed that he did not in good faith believe that he was legally entitled to the possession of the bonds". I cannot agree that defendant's own testimony conclusively negated his own defense.

Parenthetically, if defendant's own testimony did negate his defense, it would lend credence to defendant's claim that his attorney, who put defendant on the stand to give this testimony, gave him inadequate assistance.

As authority for its holding, the majority cites a passage from 52A CJS, Larceny, § 26, p 449. I find a later portion of the same section to be more applicable:

"The fact that a person is indebted to another does not give the creditor a right to seize the debtor's property in payment of the debt, and such a seizure, if made with intent to appropriate the property to the taker's own use, is therefore larceny *unless the act was done in the belief that the owner of the thing taken was willing that it should be applied in satisfaction of the debt.*" (Emphasis supplied.) 52A CJS, Larceny, § 26, p 450.

Defendant gave testimony that the complaining witness willingly suggested that he and defendant go to get the bonds to satisfy the debt. The weight to be accorded this testimony is a matter for the jury. Further, the fact that, legally, defendant had no right to the funds does not conclusively negate the possibility that he believed he had a bona fide claim to them. The question of defendant's subjective belief must be one for jury decision. *People v Hillhouse,* 80 Mich 580, 587; 45 NW 484 (1890).

As the Supreme Court stated in *People v Liggett,* 378 Mich 706, 714; 148 NW2d 784 (1967):

"A case may be reversed because the charge omits a legally essential ingredient. *People v Prinz,* 148 Mich 307; *People v Kanar,* 314 Mich 242, 254; *People v Hearn,* 354 Mich 468. Similarly, without a request, a case may be reversed because of an erroneous or misleading charge as opposed to one which merely omits a pertinent though not legally necessary point. *People v*

*MacPherson*, 323 Mich 438, 448 *et seq; People v Guillett*, 342 Mich 1, 7; *People v Oberstaedt*, 372 Mich 521, 526. Defendant has a right to have a properly instructed jury pass upon the evidence. *People v Visel*, 275 Mich 77, 81."

Defendant's right to a properly instructed jury was abridged by the court's removal of the intent element.

I would reverse this case and remand it for a new trial.