PEOPLE v McDANIELS

CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY
—TRIAL TACTICS.

A jury conviction of armed robbery will not be set aside even
though the record shows that no weapon was found on defend-
ant at the time of his arrest, which was immediately after the
robbery, and at least two witnesses testified that they had not
seen the defendant with a gun, where defendant, whose earlier
request for a charge on lesser included offenses had been
erroneously rejected, specifically rejected a curative instruc-
tion which would have charged on lesser included offenses, when
he saw that the jury might be deadlocked, because the ulti-
mate error was caused by a trial tactic based on the hope
that certain members of the jury had eliminated the armed
robbery charge and consequently they would return a verdict
of not guilty if they had no lesser included offenses to con-
sider.

Appeal from Wayne, Charles Kaufman, J. Sub-
mitted Division 1 October 5, 1971, at Detroit.
(Docket No. 10777.) Decided January 25, 1972.
Leave to appeal denied, 387 Mich 787.

Horace McDaniels was convicted of armed rob-
bery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Michael R. Muel-
ler,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial §§ 796-802.

*Robert H. Golden,* for defendant on appeal.

Before: LESINSKI, C. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM.  Defendant Horace McDaniels was convicted by a jury of armed robbery, MCLA 750-.529; MSA 28.797.  He appeals as of right.

On appeal defendant charges that the trial court erred in failing to instruct the jury on lesser included offenses.

In *People* v *Stevens,* 9 Mich App 531, 533–534 (1968), this Court stated:

"Where a request has been made to charge on a lesser included offense, the duty of the trial judge is determined by the evidence.

"If evidence has been presented to support a conviction of the lesser offense, the requested instructions must be given; failure to do so would constitute error. *People* v *Jones* (1935), 273 Mich 430."

In the case at bar, the defendant in the first instance, during a conference on jury instructions, effectively waived instructions on lesser included offenses.  After the conference, court adjourned until the following day.  The next morning, before the jury retired to deliberate, defendant changed his position and requested that the jury be instructed on lesser included offenses.  The trial court denied this request.  Had no more transpired, a denial of this request would require reversal, as the record shows no weapon was found upon the defendant at the time of his arrest which occurred immediately after

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the robbery and at least two witnesses testified that they saw no weapon upon the defendant. The evidence was sufficient to entitle defendant to a charge on lesser included offenses. However, approximately an hour after the jury retired to deliberate, the jury sent the court a note asking "Are we to decide whether it was armed robbery only?" Thereupon the court ordered the jury returned to the courtroom and the foreman of the jury was asked to explain what the note meant. He stated:

"There was a discussion between two of the jurors, or maybe three, as to what it—whether we had to find whether it was an armed robbery, or a robbery, or not guilty. Is that clear enough, sir?"

The court thereupon restated its prior instruction as to possible verdicts which excluded lesser included offenses from the jury's consideration. When the jury retired to resume its deliberations the trial judge placed on the record his reasons for not altering his charge. The court stated as follows:

"*The Court:* The jury having retired, and the counsel present and the defendant present, I think we should put on the record that subsequent to receiving this note from the jury the court indicated that it would consider giving the jury an additional charge telling them what the statute was and also giving them an option that they could bring in the included offense of robbery unarmed, but that counsel for the defendant, after consultation with his client, did indicate that he would go along with the charge as originally given by the court. Is that correct, Mr. Crockett?

"*Mr. Crockett [for defendant]:* Absolutely, your Honor."

The jury returned two hours later and informed the judge they were deadlocked. Following additional instructions on matters not pertinent to this issue, the jury again retired. Subsequently, defendant was found guilty of armed robbery.

The integrity of this trial could have been preserved by the court, following the jury's inquiry, had the court given an added charge on lesser included offenses. However, the defendant specifically rejected the necessary curative instruction on lesser included offenses, chosing to abide by the original instruction in the hope of obtaining an acquittal on the armed robbery charge. This decision was based on the trial strategy of the defense. Obviously the defense read the problems of the jury as an indication that certain members of the jury had eliminated the armed robbery charge and consequently they would return a verdict of not guilty if they had no lesser included offenses to consider. Where, as here, the ultimate error is occasioned by a defense trial tactic which failed, the defendant cannot rely on this error to set aside a jury conviction.

Defendant also raises several other issues for the consideration of this Court, all of which are totally without merit.

Affirmed.