PEOPLE v MILLER

1. CRIMINAL LAW—EVIDENCE—DISCLOSURE—PROSECUTOR'S DUTY.

The people in a criminal prosecution are obligated affirmatively to make known all the evidence of which they have knowledge bearing upon the charged offense whether it be favorable or unfavorable to the prosecution, and they are all the more obligated when the defense affirmatively demands an evidentiary item it has reason to believe is in the possession or control of the prosecution.

2. CRIMINAL LAW—EVIDENCE—SUPPRESSION—APPEAL AND ERROR.

The state, in a criminal prosecution, may not suppress evidence favorable to the defendant, and, properly established, suppression of evidence can vitiate a conviction which in all other respects is error free; however, it is not enough for the defense to simply suggest suppression to require reversal of a conviction, and where there has not been shown even a prima facie case of suppression of evidence by the prosecution the Court of Appeals will not reverse a defendant's conviction.

3. CRIMINAL LAW—PROSECUTION'S REMARKS.

A prosecutor's remark to a witness, after obtaining from the witness an admission of prior criminal convictions, to the effect that "I guess I don't have to ask you any more questions as to your truth and veracity", while ill-considered, did not constitute reversible error where no request for a curative instruction was made.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 December 4, 1973, at Lansing. (Docket No. 16006.) Decided January 14, 1974. Leave to appeal denied, 391 Mich 818.

Lamar Miller was convicted of breaking and

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 63 Am Jur 2d, Prosecuting Attorneys § 27.
[2] 21 Am Jur 2d, Criminal Law § 225.

entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Milliken & Magee* (by *Richard Yuille),* for defendant.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

O'HARA, J. Defendant was convicted of breaking and entering with intent to commit larceny. MCLA 750.110; MSA 28.305.

The issue of significance requiring discussion in this appeal of right from a jury conviction is the suppression, negligently or intentionally, of evidence by the people through the police, the prosecutor, either or both.

The item said to have been suppressed is a key. It is relevant here because the defense was that he entered the building with a key he claims to have retained after his employment by the owner of the building had been terminated. As bearing on his intent, he maintains he entered the building, in which a window had been smashed, in order to phone his former employer and inform him of the apparent break-in. The people claim the contrary.

Appellant was arrested at gun point while in the building. There is a veritable plethora of conflicting testimony concerning the facts surrounding the incident. The conflict was manifestly jury sub-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

missible as to the two theories. Only the suppression question merits discussion.

In a criminal prosecution the adversary process is not total. The people are obligated affirmatively to make known all the evidence of which they have knowledge bearing upon the charged offense, whether it be favorable or unfavorable to the prosecution. This is all the more so when, as in this case, the defense affirmatively demands an evidentiary item it has reason to believe is in the possession or control of the prosecution. In this case the defense had reasonable grounds to believe the key was, or should have been in the possession of the police.

We quote the record:

> *"Q. [Defense counsel, on cross examination]:* Do you know what happened to those miscellaneous keys and personal effects?
>
> *"A. [Police officer]:* They were turned in on a property receipt to the department and as far as I know, they are still in our custody, if he hasn't been released yet. If he hasn't, he will have them back.
>
> * * *
>
> *"Q. [Direct examination of the accused by defense counsel. By Mr. Connolly, continuing.]:* I will show you a piece of paper, and could you read what it says?
>
> *"A.* 'I, Lamar Miller'—I can't make this out. 'I, Lamar Miller, gives permission to—my attorney, to check' —and I can't make this out.
>
> *"Q.* This here? *(Indicating.)*
>
> *"A.* '—to take any keys, with my permission.'
>
> *"Q.* And is that your signature?
>
> *"A.* Yes, it is.
>
> *"Q.* And upon giving, signing that note, what happened?
>
> *"A.* Uh—you left, and I'm not sure how long it were before I received another note.
>
> *"Q.* And what did that note say?

"*A.* Saying that—

"*Q.* Do you remember what the note said?

"*A.* No. *You said*—it was *'No keys in the property box.'*

"*Q.* But, you did have keys on you at the time you were arrested, is that correct?

"*A.* True.

"*Q.* So, we have no idea where the keys are?

"*A.* No." (Emphasis supplied.)

We deem it advisable to note that we use the term "suppression" in the general sense contemplated by case precedent and not in its strict literal sense. It embraces "destruction", "negligent custody", and terms of similar import.

Suppression of evidence as above defined is a very serious charge. In the nature of things an accused is defenseless against it. Properly established it can vitiate a conviction which in all other respects is error free.

Citations in support of these general principles do nothing but take up space.

As those settled principles apply in this case they must rest on the record made and particularly on the testimony quoted herein.

From that quoted testimony we conclude that the defense simply did not make out even a prima facie case of suppression as we have defined that term. At best we have a disputed—sharply disputed—question of whether the defendant had the key in question at all. He says he did. His employer says he asked for it back and the defendant asserted he lost it. We have the defendant's testimony that his attorney said "no keys in the property box" and there the matter was dropped.

It is important to uphold the principle that the state may not suppress evidence and by our hold-

ing here we do not dilute that principle by one cubic centimeter.

It is quite another thing to say that the defense for its own purposes may simply suggest suppression and depend on that for appellate reversal. It is not the rule as we understand it that the prosecution is obligated to try the defendant's case.

Two other errors are specified: prosecutorial misconduct and the denial of access by the trial judge to the presentence report.

As of the time of the denial, the grant or refusal was discretionary with the trial judge. We find no abuse of discretion.

As to the prosecutor's remark, "I guess I don't have to ask you any more questions as to your truth and veracity" after obtaining an admission of prior offenses, it was ill-considered, made as it was during examination. Under the rules as they now exist the prosecutor could certainly have attacked the credibility of the witness in jury argument. His comment standing alone without a request for a curative instruction will not in our view support a reversal.

Affirmed.

All concurred.