PEOPLE v PARKER

1. CRIMINAL LAW—DOUBLE JEOPARDY—DISCHARGE OF JURY—NEW
     TRIAL.

  The discharging of a jury and the holding of a new trial does not
  result in double jeopardy where the jury cannot agree on a
  verdict.

2. CRIMINAL LAW—IDENTIFICATION—PHOTOGRAPHS—SUGGESTIVENESS.

  Convictions based on eyewitness identification at trial following a
  pretrial identification by photograph will be set aside on that
  ground only if the photographic identification procedure was so
  impermissibly suggestive as to give rise to a very substantial
  likelihood of irreparable misidentification.

Appeal from St. Clair, Kenneth J. Stommel, J.
Submitted Division 2 March 13, 1975, at Detroit.
(Docket No. 19685.) Decided April 9, 1975. Leave to
appeal denied, 395 Mich —.

Robert Earl Parker was convicted of armed
robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Peter E. Deegan,*
Prosecuting Attorney, and *Peter R. George,* Chief
Appellate Attorney, for the people.

*Larry R. Farmer,* Deputy State Appellate De-
fender, for defendant.

Before: R. B. BURNS, P. J., and T. M. BURNS and
R. M. MAHER, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 204, 207.
[2] 21 Am Jur 2d, Criminal Law §§ 368, 369.

Per Curiam. Defendant Robert Earl Parker was convicted by a jury on June 7, 1973, of armed robbery. MCLA 750.529; MSA 28.797. On December 10, 1973, defendant was sentenced to serve 4 to 20 years in prison and now appeals as of right. Since defendant's allegations of error relate to the trial court's evidentiary rulings and other procedural matters, a detailed recitation of the facts of this case is unnecessary, and thus only those facts necessary for a proper disposition of the issues will be presented.

Defendant was tried twice on the same charge because the first jury was unable to reach a verdict. Defendant now claims on appeal that he was subjected to double jeopardy by the second trial. We disagree. It has long been held in Michigan that the discharging of a jury and the holding of a new trial does not result in double jeopardy where the jury cannot agree on a verdict.[1] *People v Hall,* 24 Mich App 509, 513; 180 NW2d 363 (1970), *lv den,* 384 Mich 785 (1970), *People v Duncan,* 373 Mich 650; 130 NW2d 385 (1964), *In re Weir,* 342 Mich 96; 69 NW2d 206 (1955).

Defendant next contends that since suspicion of the commission of the armed robbery had already focused on him, the use of an eight-picture photo display was error because there was no showing that he could not have been produced for a lineup and because the photo display was impermissibly suggestive. *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974), is directly on point and dispositive of defendant's first claim. As to the question of suggestiveness, in pointing out that the fairness of the identification procedure must be evaluated in the light of the totality of the circumstances, the *Lee* Court said at 626; 218 NW2d at 659:

---

[1] For a similar Federal decision, see *Downum v United States,* 372 US 734, 736; 83 S Ct 1033, 1034; 10 L Ed 2d 100, 102 (1963).

"The United States Supreme Court stated in *Simmons v United States,* 390 US 377, 384; 88 S Ct 967; 19 L Ed 2d 1247 (1968), that:

" '[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so *impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'* (Emphasis added.)"

Applying this test to the case at bar, we hold that the photo display in this case was not impermissibly suggestive.

Defendant next claims by way of supplemental brief that 1968 PA 154, which created the district court and provided it with criminal jurisdiction, is in violation of the title-body clause, Const 1963, art 4, § 24. This argument is without merit in light of *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974).

Finally, defendant has advanced other claims of error relating to the trial court's response to a question submitted by the jury and the propriety of the trial court's instruction on flight. We have examined these claims and have found them lacking in substance. Decisional discussion is, therefore, unnecessary.

Affirmed.