PEOPLE v MORRIS

1. EVIDENCE—CRIMINAL LAW—PRODUCTION OF EVIDENCE—DEMANDS—
   MOTIONS.

    A clear demand for the production of certain specific items of
    evidence against a criminal defendant has not been made
    where the defendant merely states at trial "[i]f he's got them,
    bring them in court" without further demand or motion for the
    production of the evidence.

2. EVIDENCE—CRIMINAL LAW—SUPPRESSION—APPEAL AND ERROR—
   PRODUCTION OF EVIDENCE—DEMANDS—MOTIONS.

    Evidence of suppression which requires reversal is not established
    where the defendant is given a list prior to trial of the physical
    evidence to be used against him, and where the prosecution
    testifies at trial that they do not have or know the whereabouts
    of the physical evidence in question, and where the defendant
    does not make a clear demand or motion for the production of
    the evidence.

3. EVIDENCE—CRIMINAL LAW—RELEVANCE OF EVIDENCE—PROBATIVE
   VALUE—OTHER CRIMINAL ACTS.

    Evidence of other crimes is generally excluded at trial because it
    is irrelevant to the present issue of the defendant's guilt and
    increases the chances of conviction because the defendant is
    pictured as a habitual criminal; however, testimony indicating
    that a gun used in a robbery was obtained in a burglary of a
    service station was properly admitted against a criminal de-
    fendant, although it tended to indicate other crimes in which
    the defendant was involved, where such evidence was legally

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 225, 226.
   23 Am Jur 2d, Depositions and Discovery § 307 *et seq.*
   29 Am Jur 2d, Evidence §§ 597, 771.
[3] 29 Am Jur 2d, Evidence § 320 *et seq.*
   Admissibility, at trial of criminal case, of evidence of defendant's
   criminal acts other than those charged—Supreme Court cases. 93
   L Ed 185.
[4, 5] 75 Am Jur 2d, Trial §§ 577–579, 876 *et seq.,* 906, 909.
[6] 21 Am Jur 2d, Criminal Law §§ 204, 207.

relevant to a material issue and its proper probative value outweighed its improper prejudicial effect, and where it tended to explain or buttress a witness's summary of admissions by the defendant if the defendant attempted to discredit that testimony.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—APPEAL AND ERROR—LESSER INCLUDED OFFENSES—MANIFEST INJUSTICE—COURT RULES.

Timely objection will properly preserve for review an allegedly erroneous jury instruction on lesser included offenses, and alleged instructional errors may be reviewed even in the absence of an objection if the error may have caused a manifest injustice (GCR 1963, 516.2).

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES—MANIFEST INJUSTICE.

Manifest injustice may occur by the giving of instructions on lesser included offenses which are not objected to in a criminal trial where the jury is led to an improper compromise verdict, however, there is no prejudice where the judge instructs on lesser included offenses and the defendant is convicted on the principal charge.

6. CONSTITUTIONAL LAW—CRIMINAL LAW—DOUBLE JEOPARDY—MISTRIALS.

The constitutional prohibition against double jeopardy is not violated by a second trial of a criminal defendant for the same offense following an earlier hung jury mistrial (US Const, Am V; Const 1963, art 1, § 15).

Appeal from Berrien, Chester J. Byrns, J. Submitted May 5, 1976, at Grand Rapids. (Docket No. 24532.) Decided June 15, 1976.

Jerry Morris was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Sally M. Zack,* Assistant Prosecuting Attorney, for the people.

*William C. Erbecker,* for defendant on appeal.

Before: Bashara, P. J., and Allen and C. J. Hoehn,* JJ.

Per Curiam. In the popular vernacular, this appeal might be called the case of the missing tennis shoes. A jury convicted the defendant of armed robbery, MCLA 750.529; MSA 28.797, after an earlier trial had ended in a mistrial because the jury was unable to agree on a verdict. The defendant was sentenced to a prison term of 15–30 years and now appeals as of right.

A police detective testified that, following his arrest, the defendant made an inculpatory statement in which he admitted his guilt and told the officer where certain items related to the robbery were buried. Led by the defendant, the police discovered those items, including a pair of tennis shoes. The officer testified that the defendant had stated that he buried the shoes because he was afraid that the police might have made impressions of the robber's footprints. The defendant admitted making a statement to the detective, but claimed that it was mostly a fabrication motivated by his fears that the police would press charges against his wife if he did not cooperate. He testified that he knew where the items were buried because he had seen two persons bury them. He denied telling the detective anything about a pair of tennis shoes and denied that the shoes actually found were his.

The shoes were never produced at trial. On appeal, the defendant argues that his conviction must be reversed because the prosecution suppressed evidence which might have proved his innocence. The theory is that, if the shoes had

* Circuit judge, sitting on the Court of Appeals by assignment.

been produced and found not to fit the defendant, he would have been acquitted.

We agree with the defendant that such an experiment would have been valuable; but we do not agree that the prosecution was guilty of suppressing evidence in this case. Before the first trial, the prosecution, in compliance with Berrien County Local Court Rule 14(d), furnished the defendant with a list of the physical evidence which would be introduced against him; there was no mention of the tennis shoes. We do not have the transcript of the first trial, but we note that there is no indication in the record that the defendant ever demanded that the shoes be produced. At no time prior to trial was any motion made for the production of the shoes nor did counsel request that the shoes be produced or that somehow the defendant and the shoes be compared. At one place in the record the defendant himself, while being examined by his own counsel, stated "[i]f he's got them, bring them in court".[1] Counsel contends this statement constitutes a demand for the evidence and when the evidence was not produced, error must be found under the rule announced in *United States v Bryant,* 142 US App DC 132, 141; 439 F2d 642, 651 (1971). We disagree.

We do not read the single reference quoted from the record as constituting a clear demand for the evidence. The request was qualified by the state-

---

[1] "*Q.* Did you see tennis shoes out there?

"*A.* All I seen was an old really big pair of pants and an old shirt. Might have been some tennis shoes wrapped up in them. I didn't know. I didn't touch them. I showed them where they were at.

"*Q.* Were there some tennis shoes?

"*A.* Well, I didn't see them. I ain't saying there was or wasn't. If he's got them, bring them in court. I don't know. I've got one pair of tennis shoes. I've still got them.

"*Q.* You don't know whether there were tennis shoes there?

"*A.* I don't know. I didn't see them."

ment "[i]f he's got them". The people had previously testified they did not have the shoes and did not know where they were. The situation is different from *Bryant, supra,* where the defense had made motions for discovery. The instant case is more like *People v Miller,* 51 Mich App 117; 214 NW2d 566 (1974), where the defense charged that the prosecution suppressed a certain key. The Court rejected the argument, saying:

"It is important to uphold the principle that the state may not suppress evidence and by our holding here we do not dilute that principle by one cubic centimeter.

"It is quite another thing to say that the defense for its own purposes may simply suggest suppression and depend on that for appellate reversal. It is not the rule as we understand it that the prosecution is obligated to try the defendant's case." *Miller, supra,* at 120–121.

As in *Miller,* the record in the instant case does not establish the sort of evidence suppression which requires reversal. Though counsel asked numerous questions about the shoes he always stopped short of demanding that they be produced. He did, however, derive considerable benefit from their absence during both questioning and final arguments. If anything, the record suggests a deliberate decision by the defense to use the absence of the shoes to best advantage at trial while simultaneously preserving a possible issue for appeal by not pressing the issue too far in the trial court. We will not sanction such tactics by reversing. See *People v McDaniels,* 38 Mich App 174; 196 NW2d 25 (1972).

On direct examination, the detective testified that the defendant admitted using a .357 magnum pistol in the robbery. On cross-examination, the defendant's attorney sought to establish that all of

the details in the "confession" were either fabricated by the detective or consistent with the defense theory that the defendant had only watched two other persons bury the items from the robbery. He demanded more information about those details. In response, the detective volunteered that the defendant had told him where he (the defendant) had obtained the gun. The defendant's attorney then asked, almost rhetorically, whether the defendant could not have acquired such general knowledge without actually participating in the robbery. Then, on re-direct examination, the prosecutor followed up on the answer about the gun. This time, the detective testified that the defendant had stated that the gun came from "a Shell station in St. Joe city". He also stated that a subsequent investigation revealed that a gun "was missing" from that station. On appeal, the defendant argues that the quoted testimony was improper because it introduced evidence of the defendant's involvement in other crimes.

We note first that this issue was not properly preserved for review by an objection in the trial court. *People v Kincade*, 61 Mich App 498; 233 NW2d 54 (1975). In any event, the testimony was properly admitted. Evidence of other crimes is usually excluded because it is irrelevant to the issue of the defendant's guilt but increases the chances of conviction because it tends to depict the defendant as an habitual criminal. But if the evidence is legally relevant to a material issue, it is admissible if its proper probative value outweighs its improper prejudicial effect. Such evidence may be admissible if it tends to explain or buttress a witness's summary of admissions by the defendant if the defense attempts to discredit that testimony. *People v Anderson*, 62 Mich App 475; 233 NW2d 620 (1975).

The testimony in the present case was admissible under the rule in *People v Anderson, supra.* In fact, the prosecutor and the witness did a commendable job of presenting the evidence in a fashion which minimized the improper effect while still getting the proper message across. Statements that a gun "was missing" from a station were preferable to the easily imagined alternatives.

Unfortunately, the prosecutor did not maintain that high standard during his closing argument. In summarizing the testimony, he mentioned that "the gun was taken earlier in a burglary of a Shell station". We are convinced that this slip was both inadvertent and understandable. There was no objection; and we see no manifest injustice in this record. Therefore, the error, if any, was not reversible. *People v Jones,* 60 Mich App 681; 233 NW2d 22 (1975).

The defendant next complains of the trial judge's decision to instruct on several lesser included offenses. The defendant requested the instructions; thus it is clear that the alleged error was not properly preserved for review by a timely objection as required by GCR 1963, 516.2. Alleged instructional errors may be reviewed even in the absence of an objection if the error may have caused a manifest injustice. In the present context, it might be argued that a manifest injustice occurred if the giving of the lesser included offense instructions had led the jury to an improper compromise verdict. That obviously did not happen in the present case since the defendant was convicted on the principal charge. Therefore, the defendant's failure to object to the instructions as given precludes appellate review.

Further, we are convinced that the trial judge's decision to give the additional instructions was

correct. In *People v Chamblis,* 395 Mich 408; 236
NW2d 473 (1975), the Supreme Court held that a
defendant has no right to force an "all or nothing"
verdict. *Chamblis* means that there is no error
where a trial judge instructs on other offenses that
are either necessarily or cognately included in the
charged offense. See also *People v Ora Jones,* 395
Mich 379; 236 NW2d 461 (1975). The only limita-
tion is that instructions on cognately included
offenses may be given only if the information
provided fair notice to the defendant that those
offenses would be proved against him.

Although *Chamblis* was decided more than ten
months after the trial in the present case, no
retroactivity problem is presented since this aspect
of the *Chamblis* holding was simply a reaffirma-
tion of existing law.[2] 395 Mich at 415–419.

Finally, the defendant argues that his second
trial following the earlier hung jury mistrial vio-
lated his constitutional right not to be twice placed
in jeopardy for the same offense. US Const, Am V;
Const 1963, art 1, § 15. This issue, like the preced-
ing two, was not raised by the defendant in the
trial court. Nevertheless, we note that this Court
recently decided this question adversely to the
defendant's position. *People v Parker,* 60 Mich
App 368; 230 NW2d 437 (1975).

The defendant makes an interesting historical
argument, but the rule he attacks has repeatedly
been approved by the United States Supreme
Court and the Michigan Supreme Court. See *Peo-*

---

[2] Other portions of the *Chamblis* opinion were apparently intended
to have only prospective application. For example, the rule restricting
the giving of instructions on relatively minor lesser included offenses
was prefaced with the statement that "We are establishing a rule
today, as a matter of policy * * * ". 395 Mich at 429. Also, the
instructional rule announced in a companion case to *Chamblis, People
v Jenkins,* 395 Mich 440, 443; 236 NW2d 503 (1975), was expressly
limited to that case and "all cases tried after January 1, 1976".

*ple v Duncan,* 373 Mich 650; 130 NW2d 385 (1964), and the cases cited therein. Since this Court is bound by those decisions, we find no error in the present case.

Each of the defendant's arguments has been considered and rejected. The conviction and sentence are affirmed.