PEOPLE *v*. ANTHONY WILLIAMS

1. CRIMINAL LAW—WITNESSES—PRODUCTION—AGREEMENT NOT TO
   PRODUCE.
   The prosecutor's production of a witness at trial that he had
   previously agreed not to produce was not reversible error
   where the trial court offered the defense time to consult with
   the witness and defense counsel did speak to him in private
   for 15 minutes.

2. ROBBERY—ELEMENTS OF CRIME—POSSESSION—RIGHT OF VICTIM.
   The prosecutor need not show that the victim of an armed
   robbery had a possessory interest in the goods taken where
   the victim's right to possession was clearly greater than that
   of his assailant (MCLA 750.529).

Appeal from Monroe, James J. Kelley, Jr., J.
Submitted Division 2 November 2, 1971, at Detroit.
(Docket No. 10561.)  Decided November 26, 1971.

Anthony C. Williams was convicted of armed
robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James J. Rostash,*
Prosecuting Attorney, and *John R. Whitehouse,*
Chief Assistant Prosecuting Attorney, for the peo-
ple.

*Patricia Costello,* for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 3.
    21 Am Jur 2d, Criminal Law §§ 328, 329.
[2] 46 Am Jur, Robbery § 9.

Before: V. J. Brennan, P. J., and J. H. Gillis
and O'Hara,* JJ.

Per Curiam.   Defendant was tried by a jury and
found guilty of armed robbery, MCLA 750.529; MSA
28.797.

On appeal defendant contends that the trial court
erred in allowing the prosecution to present certain
witnesses after the prosecution allegedly had stipu-
lated that they would not be produced.   The record
does not convincingly support the defendant's con-
tention.   The only evidence of such a stipulation to
which this Court's attention has been drawn by the
defendant is the statement of the trial judge recon-
structing what occurred at a pretrial conference:

"It then appeared that the defendant, through
counsel and individually, waived the production of
these two witnesses at the trial and thereafter the
court said therefore the people will not produce
these witnesses and the statement was made by the
prosecutor, the assistant prosecutor, 'That's right'."

The witnesses in question were accomplices to the
crime.   The prosecution, at the time of the pretrial
conference, had these witnesses indorsed, but sought
a waiver of their production from the defendant be-
cause of the fear that these witnesses would exer-
cise their privilege against self-incrimination and
thus not benefit the prosecution's case.   As the trial
judge's statement acknowledges, such a waiver was
given and the prosecution then indicated that the
prosecution did not intend to call these witnesses.

On the day of the trial, one of the witnesses proved
willing to waive his privilege against self-incrimin-

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

ation in order to testify against the defendant. The trial court offered the defense time to consult with the witness and the defense counsel did speak to him in private for 15 minutes. Defendant's present claim of surprise and bad faith by the prosecutor is thus without merit. *People* v. *Burnstein,* 261 Mich 534 (1933). See, also, 22A CJS, Criminal Law, § 498(c), pp 162–164.

Defendant's second claim is that in an armed robbery charge the prosecution must show that the victim of the robbery had a possessory interest in the goods taken. This was properly answered below by citing the case of *People* v. *Needham,* 8 Mich App 679 (1967). Defendant's attempt to distinguish the present case from *Needham* is also without merit, the money here having been taken "in the presence" of one whose "right to possession was certainly greater than that of his assailant".

Defendant's third issue, that the trial court erred in not giving an instruction as to lesser included offenses, also fails to impress us since the facts of this case are indistinguishable from the facts of *People* v. *McCormick,* 28 Mich App 550 (1970), and *People* v. *Membres,* 34 Mich App 224 (1967). In these cases it has been held that such an instruction is not required where the evidence does not support a lesser crime than the one charged.

Defendant's final appeal is that the sentence was a denial of justice and tantamount to cruel and unusual punishment, the defendant being only 19 years of age at the time and having no previous criminal record. Armed robbery carries a possible sentence of life, or any term of years, imprisonment. The sentence given was within the statutorily prescribed limits and will not be overturned on appeal. *People* v. *Richardson,* 25 Mich App 117 (1970); *People* v. *Rodgers,* 30 Mich App 582 (1971).

We finally note that a number of these issues were not properly briefed on appeal. Normally issues not properly briefed on appeal are considered to be abandoned. *Grove* v. *Story Oldsmobile, Inc*, 31 Mich App 613 (1971). In doing justice to the defendant, we have nonetheless considered these issues and have found no reversible error. Therefore, the judgment below is affirmed.