PEOPLE v LOVETT

Docket No. 57413. Decided January 29, 1976. Rehearing denied 396 Mich 976.

Rufus Lovett was convicted by a jury in Recorder's Court of Detroit, Susan D. Borman, J., of larceny from the person. The defendant was charged with armed robbery and the trial judge denied defendant's request for an instruction on attempted armed robbery. The Court of Appeals, V. J. Brennan, P. J., and McGregor and D. F. Walsh, JJ., affirmed (Docket No. 20451). Defendant applies for leave to appeal. *Held:* Attempted armed robbery is a necessarily included offense of armed robbery and failure to give that instruction when requested is reversible error even though the evidence showed a completed offense. Reversed and remanded for new trial.

63 Mich App 656; 234 NW2d 749 (1975) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

*M. Arthur Arduin (Carl Ziemba,* of counsel) for defendant.

Per Curiam. Defendant's conviction must be reversed because the trial judge failed to instruct on the lesser included offense of attempted armed robbery despite defense counsel's request. *People v Henry,* 395 Mich 367, 370; 236 NW2d 489 (1975); *People v Ora Jones,* 395 Mich 379, 390; 236 NW2d 461 (1975).

Defendant was charged with armed robbery. The trial judge instructed on the lesser included offenses of unarmed robbery and larceny from the

person. She denied defense counsel's request for an instruction on attempted armed robbery because she found "no evidence" to support that verdict. The jury convicted the defendant of larceny from the person. The Court of Appeals affirmed the failure to instruct on the lesser included offense of attempted armed robbery because "[t]here was no evidence of anything but a complete crime". 63 Mich App 656, 665; 234 NW2d 749 (1975).

In *Jones, supra,* we said: "If the lesser offense is one that is necessarily included within the greater, the evidence will always support the lesser if it supports the greater." 395 Mich 390. Attempted armed robbery is "necessarily included" within the offense of armed robbery. *People v Bradovich,* 305 Mich 329, 332; 9 NW2d 560 (1943). The jury may have found the defendant guilty of the attempt although the evidence showed a completed offense. MCLA 768.32; MSA 28.1055; *People v Baxter,* 245 Mich 229, 232; 222 NW 149 (1928).

In lieu of leave to appeal, we reverse defendant's conviction and remand the cause to Recorder's Court for a new trial. GCR 1963, 853.2(4).

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, LINDEMER, and RYAN, JJ., concurred.