PEOPLE v JACKSON

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—NECESSARILY INCLUDED LESSER OFFENSE.

   An instruction on a necessarily included lesser offense must be given where requested, since the evidence will always support the lesser charge if it supports the greater.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—NECESSARILY INCLUDED LESSER OFFENSE.

   The failure to give a requested instruction on a necessarily included lesser offense is reversible error.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—COGNATE LESSER OFFENSES.

   An instruction on a cognate lesser offense may be given when the court determines that all of the evidence adduced at trial woi support a conviction of the lesser offense.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—NECESSARILY INCLUDED LESSER OFFENSE.

   A Supreme Court holding that the failure to give a requested jury instruction on a necessarily included lesser offense is reversible error is retroactively applicable.

Appeal from Genesee, Ollie B. Bivins, Jr., J. Submitted June 8, 1976, at Lansing. (Docket No. 25244.) Decided August 4, 1976.

Casper A. Jackson was convicted of armed robbery. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief,

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 21 Am Jur 2d, Criminal Law §§ 185, 494.

Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Theodore F. Leffler,* for defendant.

Before: Allen, P. J., and D. E. Holbrook, Jr. and E. H. Papp,* JJ.

D. E. Holbrook, Jr., J. Casper Alan Jackson, the defendant, was charged with armed robbery. MCLA 750.529; MSA 28.797. On April 8, 1975, a jury found him guilty of that crime and he was subsequently sentenced to 7-1/2 to 15 years in prison. Defendant appeals as of right.

In September, 1974, the employees of a Kentucky Fried Chicken restaurant were closing up for the night when a man wearing a ski mask and carrying a small gun appeared in the manager's office. He had locked two employees in the walk-in cooler and was proceeding to force the manager at gunpoint to open the safe and deliver over the contents. Meanwhile, someone outside the premises observed the scene and alerted the police. By the time the police arrived the nervous manager had opened the safe and was handing a bag filled with $1,000 to the man. When the police ordered "freeze" the man dropped the gun and bag.

At trial the defendant was identified as the armed man. He took the stand and during cross examination admitted to the incident, saying that his personal problems and depression led him to begin the crime but, that once started, he wished to abandon it. Defense counsel requested instructions on assault with intent to rob while armed and felonious assault. Both requests were denied.

The single issue on appeal is the trial court's

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

refusal to instruct the jury on the lesser included offense of assault with intent to rob while armed. The request was raised in an armed robbery prosecution where a question remained as to the asportation element of the offense. The judge determined that there was evidence of a complete offense precluding the need for instructions on the lesser crime.

The Supreme Court recently propounded new rules relating to trial court discretion in the area of instructing on lesser included offenses. In two decisions released in December, 1975, after the trial in the instant case, the Court differentiated between "necessarily included" and "cognate" lesser offenses. *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975). A "cognate" lesser offense instruction may be given after a determination that all the evidence adduced at trial would support a conviction of the lesser offense. Similarly, by definition a "necessarily included" lesser offense must be instructed upon request because the evidence "will always support the lesser if it supports the greater". *People v Ora Jones, supra* at 390.

In the instant case the request for an instruction on assault with intent to rob being armed falls into the category of necessarily included lesser offenses. *People v Thomas Jones,* 48 Mich App 470; 210 NW2d 497 (1973), *People v Henderson,* 22 Mich App 128; 177 NW2d 254 (1970). There is, however, some doubt as to the retroactivity of the *Ora Jones* and *Chamblis* cases.

In *People v Thomas,* 68 Mich App 302; 242 NW2d 564 (1976), a panel of this Court expressly gave *Ora Jones* prospective effect. That case addressed itself to the new theory of cognate lesser offenses, in specific, the involuntary manslaughter instructions in a murder case.

Other sections of the *Ora Jones* and *Chamblis* cases were not new, but simply clarifications of the law. For instance, in *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976),[1] a trial was conducted in 1974, just one year before the two Supreme Court decisions. Defendant there was charged and found guilty of armed robbery. The trial court denied a request for an instruction on attempted armed robbery, a lesser included offense citing the "no evidence" rule. See *People v Hodo,* 51 Mich App 628; 215 NW2d 733 (1974), *People v Stram,* 40 Mich App 249; 198 NW2d 753, *lv den,* 388 Mich 796 (1972). This Court affirmed the conviction holding, "There was no evidence of anything but a complete crime." *People v Lovett,* 63 Mich App 656; 234 NW2d 749 (1975). The Supreme Court then reversed our decision on the basis of the *Ora Jones* "necessarily included" offense discussion.

The posture of the case we decide today is not unlike the *Lovett* case. The trial was also conducted before the Supreme Court's decisions. The trial judge here denied the request for instructions because the asportation element separating armed robbery from assault with intent to rob being armed was in his mind sufficiently evidenced to support a finding of guilty on the complete offense. Based on the Supreme Court's decision in *Lovett* we must find *Ora Jones* and also *Chamblis* controlling. The instruction on the "necessarily included" lesser offense should have been given.

Reversed.

---

[1] *See also* the discussion of this retroactivity question in *People v Morris,* 69 Mich App 545; 245 NW2d 126 (1976). We there held that the rule in *People v Chamblis, supra,* that a defendant has no right to insist on an "all or nothing" verdict was simply a restatement of existing law and thus did not present a retroactivity problem. *Morris* also noted that some of the rules announced in *Chamblis* and its companion cases appeared to be designed for retroactive application while others would probably be limited to prospective application.