### PEOPLE v JONES

1. ROBBERY—PROPERTY TAKEN IN ROBBERY—OWNERSHIP OF PROPERTY —RIGHT TO POSSESSION.

Actual ownership by a victim of the property which is the subject of a robbery is not required to prove the robbery; it is sufficient for the prosecution to show that the property was taken in the presence of the victim and that the victim's right to possession was superior to that of the defendant.

2. TRIAL—CRIMINAL LAW—INSTRUCTIONS TO JURY—REQUEST FOR INSTRUCTIONS—TIMELY REQUESTS.

A request for instructions made for the first time after the trial judge had completed his instructions to the jury but before the jury was released to begin their deliberations was timely.

3. ROBBERY—UNARMED ROBBERY—ARMED ROBBERY—INCLUDED OFFENSES.

Unarmed robbery is a necessarily included offense of armed robbery.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—INCLUDED OFFENSES—NECESSARILY INCLUDED OFFENSES.

Failure of a trial court to give a requested instruction on a lesser included offense, where the evidence would support a conviction on the lesser charge, is error; evidence which supports the greater offense always supports the giving of instructions on necessarily included offenses.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—INCLUDED OFFENSES—NECESSARILY INCLUDED OFFENSES—COGNATELY INCLUDED OFFENSES.

The rule that it is error for a trial court to fail to give an instruction to a jury on a lesser offense which is necessarily included in the offense with which a defendant is charged is not

REFERENCES FOR POINTS IN HEADNOTES
[1] 67 Am Jur 2d, Robbery §§ 13, 14.
[2] 75 Am Jur 2d, Trial § 710 *et seq.*
[3] 67 Am Jur 2d, Robbery § 3 *et seq.*
[4, 5] 21 Am Jur 2d, Criminal Law §§ 185, 494.
    75 Am Jur 2d, Trial §§ 876–882.

a new rule; recent decisions of the Supreme Court making a distinction between necessarily included offenses and cognately included offenses operate prospectively in regard to cognately included offenses only, and simply reaffirm the rule as to necessarily included offenses.

Appeal from Genesee, Ollie B. Bivins, Jr., J. Submitted July 6, 1976, at Lansing. (Docket No. 24183.) Decided August 25, 1976.

Louis P. Jones, Jr., was convicted of armed robbery. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Robert A. Burley, for defendant on appeal.*

Before: ALLEN, P. J., AND D. E. HOLBROOK, JR., and E. H. PAPP,* JJ.

PER CURIAM. A Genesee County jury convicted defendant of armed robbery, MCLA 750.529; MSA 28.797, on January 16, 1975. He was subsequently sentenced to a prison term of 7-1/2 to 15 years and now appeals as of right.

In a prosecution for armed robbery, the people must establish, *inter alia,* that the defendant took something of value "from [the victim's] person, or in his presence". MCLA 750.529; MSA 28.797, *People v McGuire,* 39 Mich App 308; 197 NW2d 469 (1972). On appeal, defendant argues that the evidence in the present case was insufficient to establish that element of the offense.

There is no merit in the defendant's contention.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The trial testimony shows that, acting under the defendant's orders, the victim took money from her employer's cash register and gave it to the defendant. The defendant seems to argue that the proofs were deficient because there was no showing that the money belonged to the victim. But actual ownership is not required. The prosecution need only show that the property was taken "in the presence" of the victim and that the victim's "right to possession" was superior to the defendant's. *People v Needham,* 8 Mich App 679; 155 NW2d 267 (1967), *People v Anthony Williams,* 37 Mich App 257; 194 NW2d 412 (1971). In the present case, the victim's employment duties included handling the money in the cash register. While the money was not hers, her right to possession was clearly greater than the defendant's.

The defendant's other allegation of error is more substantial. The principal charge against the defendant was armed robbery. There is no indication in the record that the defense made an advance request—either written or oral—for instructions on lesser included offenses. Acting on his own, the trial judge instructed only on the principal charge. Then, before the jury was permitted to begin deliberations, the judge asked for comments on his instructions. At that point, the defense for the first time requested instructions on unarmed robbery and assault and battery. After noting the lack of a more timely request, the trial judge nevertheless considered the defense arguments and ruled that the evidence would not support the giving of instructions on the other two offenses. The defendant argues on appeal that the refusal to give an instruction on unarmed robbery was reversible error.

The prosecutor counters that the question was

not properly preserved for appellate review because defendant's request for an instruction was not timely made. As noted above, the request was not made until after the judge had completed his instructions to the jury. However, the jury had not yet been released to begin deliberations. Thus there would have been time to give the additional instruction if the judge had granted the defense request. We believe that the defense request came in time to preserve the instructional issue for review. *People v Fountain,* 392 Mich 395; 221 NW2d 375 (1974).

Unarmed robbery is a lesser included offense of armed robbery. *People v Thomas Jones,* 48 Mich App 470; 210 NW2d 497 (1973). In the two-tiered system created by *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), unarmed robbery is a "necessarily included" offense, not a "cognate" lesser offense. *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975).

It is error to fail to give a requested instruction on a lesser included offense where the evidence would support a conviction on the lesser charge. *People v Chamblis, supra,* noted that a jury is always free to disbelieve even uncontradicted testimony, and therefore held that evidence which establishes the greater offense *always* supports the giving of instructions on necessarily included offenses. See also *People v Ora Jones, supra.* That holding impliedly overruled *People v Gregory Thomas,* 38 Mich App 777; 197 NW2d 97 (1972), and *People v Stram,* 40 Mich App 249; 198 NW2d 753 (1972).

If *Chamblis* and *Ora Jones* apply in the present case, it is clear that the trial judge erred by refusing to give the requested instruction. The problem is that the trial in the present case occur-

red nearly a year before *Chamblis* and *Ora Jones* were decided.[1] *People v Morris,* 69 Mich App 545; 245 NW2d 126 (1976), noted the possibility that some of the holdings in *Chamblis* were intended to have retroactive application—or were simply restatements of existing law—whereas other portions of the opinion were expressly limited to prospective application. *People v Jackson,* 70 Mich App 478; 245 NW2d 797 (1976), announced a similar interpretation of *Chamblis* and *People v Ora Jones, supra. Jackson* held that it has always been error to fail to give an instruction on a *necessarily* included offense; *Ora Jones* and *Chamblis* simply reaffirmed that point. On the other hand, the rules on *cognate* included offenses were originated by *Ora Jones* and *Chamblis* and were not intended to apply in trials held before the release date of those decisions. Contrast *People v Jackson, supra,* and *People v Thomas,* 68 Mich App 302; 242 NW2d 564 (1976).[2]

The present case involves a request for an instruction on a necessarily included offense, *viz.,* unarmed robbery. Refusal to give the instruction was reversible error. *People v Jackson, supra, People v Chamblis, supra.*

The conviction is reversed.

[1] *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976), also an armed robbery case, strongly suggests that *Chamblis* and *Ora Jones* do control the present case.

[2] In *People v Harrison,* 71 Mich App 226; 247 NW2d 360 (1976), another panel of this Court followed *People v Lovett, supra,* by applying *People v Ora Jones, supra,* retroactively. The possibility that *Ora Jones* might be only partially retroactive was not discussed; however, the lesser offense in *Harrison* was a necessarily included offense, not a cognately included offense. Thus, the result in *Harrison* is consistent with the preceding analysis and the cited cases.