## PEOPLE v CHARLES JACKSON

1. CRIMINAL LAW—DEFENSES—ALIBI—NOTICE REQUIREMENTS—EVI-
   DENCE—EXCLUSION OF EVIDENCE—STATUTES.
   A defendant charged with a felony is required to give notice of an
   alibi defense no less than 10 days before trial; the exclusion of
   alibi evidence is mandatory where a defendant has not com-
   plied with this notice requirement (MCLA 768.20, 768.21; MSA
   28.1043, 28.1044).

2. CRIMINAL LAW—DEFENSES—ALIBI—NOTICE REQUIREMENTS—CONSTI-
   TUTIONAL LAW—EQUAL PROTECTION—STATUTES.
   A statute which requires the exclusion of alibi evidence where a
   defendant fails to comply with a 10-day notice requirement of
   his intention to claim an alibi defense is equally applicable to
   all criminal defendants and does not offend equal protection
   merely because some defendants will endeavor to employ an
   alibi defense while others will not (MCLA 768.21; MSA
   28.1044).

3. CRIMINAL LAW—DEFENSES—ALIBI—NOTICE REQUIREMENTS—CONSTI-
   TUTIONAL LAW—DUE PROCESS—STATUTES.
   A statute which requires the exclusion of alibi evidence where a
   defendant has failed to comply with a 10-day notice require-
   ment of his intention to claim an alibi defense does not on its
   face offend due process of law; the state has not suspended the
   defendant's right to present his case, but rather has imposed
   reasonable conditions in the interest of protecting itself against
   an eleventh-hour defense (MCLA 768.21; MSA 28.1044).

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law § 137.
   Constitutional, construction, and effect of statutes requiring notice
   of prosecution of accused's intention to rely upon alibi as defense.
   30 ALR2d 480.
[4, 5] 41 Am Jur 2d, Indictments and Informations § 97.
[5] 21 Am Jur 2d, Criminal Law § 185.
   Lesser offense, conviction of as bar to prosecution for greater on
   new trial. 61 ALR2d 1141.
[6] 41 Am Jur 2d, Indictments and Informations § 313.
[7] 75 Am Jur 2d, Trial §§ 574–578.

4. ROBBERY—ARMED ROBBERY—ASSAULT WITH INTENT TO ROB—NECES-
   SARILY INCLUDED OFFENSES.

   Assault with intent to rob while armed is a necessarily included
   offense within the crime of armed robbery.

5. CRIMINAL LAW—ARMED ROBBERY—LESSER OFFENSES—CONSTITU-
   TIONAL LAW—DOUBLE JEOPARDY.

   A criminal defendant is on notice that he is required to respond
   to all charges which are necessarily included offenses within
   the principal crime charged; therefore, a defendant who was
   charged with armed robbery and acquitted of that charge but
   convicted of the necessarily included lesser offense of assault
   with intent to rob while armed was not thereby placed twice in
   jeopardy.

6. CRIMINAL LAW—MULTIPLE CHARGES—IMPLIED ACQUITTAL—LESSER
   OFFENSES.

   A conviction of any lesser offense operates as an acquittal of the
   greater offense charged where a defendant faces a multiplicity
   of charges arising out of the same transaction.

7. ROBBERY—INSTRUCTIONS TO JURY—ARMED ROBBERY—LESSER OF-
   FENSES—CASE PRECEDENT—RETROACTIVITY.

   Failure of a trial court, in a trial for armed robbery, to honor a
   defendant's request for instructions to the jury on the offenses
   of attempted armed robbery, larceny from a person and larceny
   in a building, where the evidence would support a conclusion
   that the offense was committed in a building, was reversible
   error; recent decisions of the Supreme Court stating this rule
   were not intended to have prospective effect only, therefore a
   case where this error was made must be reversed even though
   the error occurred prior to the Supreme Court decisions.

Appeal from Calhoun, Stanley Everett, J. Sub-
mitted July 6, 1976, at Grand Rapids. (Docket No.
26119.) Decided September 28, 1976.

Charles Jackson was convicted of assault with
intent to rob while being armed. Defendant ap-
peals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *John Rae,* Prosecut-

ing Attorney, and *Roger L. Caswell,* Assistant Prosecuting Attorney, for the people.

*Hirsch & Hirsch, P. C.* (by *John H. Hofman),* for defendant on appeal.

Before: DANHOF, C. J., and D. E. HOLBROOK and D. L. MUNRO,* JJ.

D. L. MUNRO, J. On July 25, 1975, defendant was convicted by a jury of assault with intent to rob while being armed in violation of MCLA 750.89; MSA 28.284. Defendant was sentenced to a term of 5 to 15 years incarceration. He brings this appeal as of right.

On July 17, 1975 the defendant notified the prosecution that he intended to raise an alibi defense. Trial was scheduled for July 24th, thus, defendant was not in compliance with the 10-day notice requirement of MCLA 768.20; MSA 28.1043. The trial court accordingly precluded the calling of the defendant's alibi witnesses. On appeal defendant contends that such preclusion is, in spite of the language of MCLA 768.21; MSA 28.1044,[1] discretionary and that the trial court's ruling abused that discretion.

As amended, MCLA 768.21; MSA 28.1044 directs the trial court in mandatory terms to exclude alibi evidence for failure to give notice. It does not permit the exercise of discretion.[2] We conclude

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] "Sec. 21. (1) If the defendant fails to file and serve the written notice prescribed in section 20 or 20a, the court shall exclude evidence offered by the defendant for the purpose of establishing an alibi or the insanity of the defendant."

[2] "It is a well-settled proposition that unless other considerations compel a contrary conclusion the use of the term 'shall' means that the statute is mandatory. *Township of Southfield v Drainage Board,* 357 Mich 59; 97 NW2d 821 (1959)." *LundBerg v Corrections Commission,* 57 Mich App 327, 329; 225 NW2d 752 (1975).

from recent dicta that this is also the construction given the act by the Supreme Court and feel constrained to honor that construction despite the obvious harsh results:

"The statute has since been revised. A comparison of the old and new language indicates that, among other changes, the preclusion sanction is now mandatory." *People v Merritt,* 396 Mich 67, 74, fn 1; 238 NW2d 31 (1976).

"Preclusion of alibi evidence is mandatory in Kansas and under the new Michigan statute, fn 1, *supra."* *People v Merritt, supra,* 78.

Defendant further argues that the statute is per se violative of both the equal protection and due process clauses of the Fourteenth Amendment. We disagree.

Equal protection is offended when distinct classes of persons are afforded different treatment under the law without appropriate justification. No such distinction is drawn in fact or law by the noted statute. It is equally applicable to all criminal defendants. That some of this class will endeavor to employ the alibi defense while others do not, cannot give rise to imputation that the Legislature is favoring certain defendants over their fellows. Even if such distinction could be established, the unique ease of fabrication of this defense amply justifies special handling by both courts and the Legislature. See *Williams v Florida,* 399 US 78, 81; 90 S Ct 1893; 26 L Ed 2d 446 (1970).

Nor is due process offended. The state has not suspended the defendant's right to present his case. Rather, it has imposed upon him reasonable conditions in the interest of "protecting itself against an eleventh-hour defense". *Williams, supra,* 81. We do not say that the circumstances

cannot arise in which this statute may operate to deprive a criminal defendant of due process. However, we do hold that the statute is not violative of due process on its face or within the circumstances of this case.

The defendant was charged in the information against him with armed robbery. At the close of the prosecution's proofs, the trial court granted a defense motion for a directed verdict of acquittal on that charge and submitted the case to the jury with instructions that they were to consider the defendant's guilt or innocence of the crime of assault with intent to rob while armed, felonious assault and simple assault. These circumstances give rise to the defendant's next assertion of error, namely, that the directed verdict on the armed robbery charge operated as an acquittal on all charges arising out of the same transaction by virtue of double jeopardy protection. We reject this assertion. Assault with intent to rob while armed is a necessarily included offense within the crime of armed robbery. *People v Jackson,* 70 Mich App 478; 245 NW2d 797 (1976). The defendant was on notice that he was required to respond to all necessarily included charges:

"We do not say here that a trial judge *must* instruct *sua sponte* on a lesser included offense, but simply that he *may* do so if the evidence adduced at trial would warrant conviction of the lesser charge and defendant has been afforded fair notice of those lesser included offenses.

"There are, of course, no 'fair notice' problems presented in a case such as this, where the lesser offense is one 'necessarily included' within the greater. *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975).

"Every defendant charged with armed robbery must necessarily be prepared to defend against the included charges of unarmed robbery and larceny from the

person." *People v Chamblis,* 395 Mich 408, 417–418; 236 NW2d 473 (1975).

Thus, the defendant was, from the outset, on trial for the offense of which he was ultimately convicted. That he was acquitted of the greater offense (it makes no difference that the acquittal was found as a matter of law by the court rather than as a matter of fact by the jury), and convicted of the lesser does not give rise to a valid claim of double jeopardy violation. On the contrary, the joining of all possible charges arising from a single transaction in a single prosecution is precisely what is sought by Michigan courts in enforcing constitutional double jeopardy provisions.

" 'In my view, the Double Jeopardy Clause requires the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction.' " *People v White,* 390 Mich 245, 254; 212 NW2d 222 (1973), quoting the opinion of Mr. Justice Brennan in *Ashe v Swenson,* 397 US 436, 448; 90 S Ct 1189; 25 L Ed 2d 469 (1970).

The defendant is not without protection when facing a multiplicity of charges arising out of the same transaction. A conviction of any lesser offense operates as an acquittal of the greater offense charged. *People v McMiller,* 389 Mich 425, 430; 208 NW2d 451 (1973).

Defendant's contention that by submitting only the lesser charge to the jury the trial court usurped the authority of the prosecution is equally lacking in merit. It is clearly within the province of the court to so instruct where warranted. See *People v Chamblis, supra.*

Defendant next assigns as error the failure of

the trial court to instruct the jury on the offenses of attempted armed robbery, larceny from a person and larceny in a building, as requested by him. The recent cases of *People v Chamblis, supra,* and *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), have had considerable impact upon this area of the law. The people argue on appeal that the rules of those cases, insofar as they touch upon a defendant's right to instruction on certain lesser offenses, are prospective in nature, hence, inapplicable. We disagree. In *People v Lovett,* 396 Mich 101, 102; 238 NW2d 44 (1976), the Supreme Court applied the rule of *Ora Jones* in reversing a 1974 conviction in which the trial court refused a similar request by the defendant. We therefore conclude that the Supreme Court did not intend to limit those cases to exclusively prospective effect.[3]

In *Ora Jones* the Supreme Court said:

"If evidence has been presented which would support a conviction of a lesser included offense, refusal to give a requested instruction is reversible error. *Id [People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971)] at 36. *People v Hamilton,* 76 Mich 212; 42 NW 1131 (1889).

"If the lesser offense is one that is necessarily included within the greater, the evidence will always support the lesser if it supports the greater.

"In the area of 'cognate' lesser offenses, the evidence in each case adduced at the particular trial must be examined to determine whether that evidence would support a conviction of the lesser offense." 395 Mich 379, 390.

Attempted armed robbery is a necessarily included offense within the offense of armed robbery. *People v Lovett, supra,* 102. *People v Chamblis,*

---

[3] We are not alone in this conviction. Another panel of this Court has recently reached the same conclusion in *People v Jackson,* 70 Mich App —; — NW2d — (1976).

*supra,* 418. Larceny from a person is also a necessarily included offense. *Chamblis, supra,* 424–425. As larceny in a building has in common with armed robbery all the elements of larceny, and as the evidence would support a conclusion that the offense was committed in a building, such an offense is in this context a cognate lesser offense.

The trial court here could not have known that the Supreme Court decisions in *Ora Jones, supra,* (Dec. 1975) and *Lovett, supra,* (Jan. 1976) would require the requested instructions on included and cognate offenses since both of those cases were decided after the trial of this case. Under *Ora Jones, supra,* and *Lovett, supra,* it was reversible error to deny the defendant the requested instructions.

We decline to discuss the defendant's remaining assignments of error as unmeritorious or unlikely to recur on retrial.

Reversed and remanded.