PEOPLE v WILKINSON

OPINION OF THE COURT

1. ROBBERY—ARMED ROBBERY—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES.

A trial court's denial of a defendant's request for instructions on the offenses of unarmed robbery and larceny from a person, in a trial for armed robbery, was not reversible error where the evidence supported the armed robbery charge, and where the trial took place prior to December 18, 1975, the date of a decision of the Supreme Court which holds that unarmed robbery and larceny from a person are necessarily included offenses of armed robbery.

2. ROBBERY—ARMED ROBBERY—LESSER INCLUDED OFFENSES.

A trial court did not preclude a jury in a trial for armed robbery from considering lesser included offenses, even though the trial court did not instruct the jury on the lesser offenses, where during its deliberations the jury asked if a lesser offense could be found, the court answered in the affirmative with the concurrence of both counsel, the court then stated to counsel its intention of elaborating if so requested by the jury, and the jury returned a verdict of guilty on the original charge seven minutes later.

3. CRIMINAL LAW—SPEEDY TRIAL—DELAY—STATUTES.

The prosecution did not violate the rule that a defendant who is incarcerated in a penal institution be brought to trial within 180 days where proceedings were initiated by bringing the defendant before the district court within the 180 days and such action was not followed by any inexcusable delay evidencing an intent not to bring the case promptly to trial (MCLA 780.131 *et seq.;* MSA 28.969[1] *et seq.).*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 67 Am Jur 2d, Robbery § 72.

75 Am Jur 2d, Trial §§ 588–590, 876–878, 880, 881.

[3] 21 Am Jur 2d, Criminal Law § 241 *et seq.*

Accused's right to speedy trial under Federal Constitution—Supreme Court cases. 21 L Ed 2d 905.

4. Criminal Law—Armed Robbery—Instructions to Jury—Lesser
      Included Offenses.
      Certain decisions of the Supreme Court which require that a trial
      court instruct a jury when requested on the lesser included
      offenses of the crime charged are to be applied retroactively,
      thereby requiring reversal in a case which was tried before the
      release of the Supreme Court decisions and in which the trial
      court refused to instruct the jury on the lesser included offenses
      of the charged crime of armed robbery because the court
      believed the evidence supported the armed robbery charge.

Appeal from Tuscola, Norman A. Baguley, J. Submitted March 7, 1977, at Lansing. (Docket No. 27301.) Decided June 7, 1977.

Joe L. Wilkinson was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Patrick R. Joslyn,* Prosecuting Attorney (Prosecuting Attorneys Appellate Unit, by *Thomas C. Nelson,* Assistant Attorney General), for the people.

*Forrest Walpole,* for defendant on appeal.

Before: Quinn, P. J., and Bronson and M. J. Kelly, JJ.

M. J. Kelly, J. Defendant was convicted by a jury of armed robbery, MCLA 750.529; MSA 28.797, on November 21, 1975, and was sentenced to a prison term of 20 to 40 years. He appeals as of right.

The facts adduced at trial can be summarized as follows: On July 18, 1974, Robert Sanders was approached in front of his business in Tuscola County, during daylight hours, by a stranger wear-

ing a blue ski mask with red stripes. Sanders testified that the masked stranger wielded a .22-caliber revolver and demanded his billfold; that the assailant took his billfold and ran to a nearby car. Sanders' description of the assailant's clothing and his possession of a gun was corroborated by other witnesses who observed the commission of the robbery. Defendant was subsequently arrested after a high speed chase in a vehicle matching the description given by two witnesses and bearing the license number which they had previously recorded.

At trial defense counsel requested instruction on the lesser included offenses of unarmed robbery, simple larceny, and larceny from a person. The trial judge found no evidence to support an instruction on these lesser included offenses and therefore concluded that he was not required to give such instructions. The trial judge reasoned that since there was evidence adduced to support all the elements of the armed robbery charge, if there existed a crime at all, such crime was armed robbery and not the lesser included offenses.

Michigan law on lesser included offenses was changed by the Supreme Court's pronouncement in *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975). Before that a trial court had a judicial function to exercise. The trial court determined if there was evidence to support the factual existence of lesser crimes. *Chamblis* says that "every armed robbery would necessarily include both unarmed robbery and larceny from the person as lesser included offenses". 395 Mich at 425.[1] Unless it was clairvoyant a trial court addressing this issue in November of 1975, when defendant's trial took

---

[1] Did this eliminate the trial judge from the equation? Does "every" mean absolutely, unequivocally, without reservation, all?

place, could not have anticipated the *Chamblis* decision of December 18, 1975. Having no wish to add to the literature on this controversy we say only, and without citation, that December's law cannot be applied in November's trial. How many judges in this state prior to *Chamblis* and *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), would have given the pickpocket instruction to the gunslinging armed robber?

We are not unmindful of the implication that *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976), raised the *Chamblis* rationale to a constitutional "always was" stature but we believe there is a possible alternative analysis. In *People v Ora Jones, supra,* at 390 the Supreme Court stated:[2]

"The duty of the trial judge to instruct on lesser included offenses is determined by the evidence. *People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971). If evidence has been presented which would support a conviction of a lesser included offense, refusal to give a requested instruction is reversible error. *Id.* at 36. *People v Hamilton,* 76 Mich 212; 42 NW 1131 (1889).

"If the lesser offense is one that is necessarily included within the greater, the evidence will always support the lesser if it supports the greater."

Applying *Chamblis* prospectively can we not say that unarmed robbery, simple larceny and larceny from a person are lesser included offenses of armed robbery, but are not "necessarily lesser included offenses"? Building on this literary legerdemain, a review of this evidence[3] is required to determine if it supports unarmed robbery, simple

---

[2] Does this put the trial judge back in the equation?

[3] No such review would be required for a "necessarily lesser included offense" such as attempted armed robbery because the attempt is always father to the completed offense.

larceny and larceny from a person. The trial court ruled as follows:

*"The Court:* All right. As I indicated previously, the case law seems to indicate that in a situation such as this, where the defense has not offered any other theories of crimes other than armed robbery, where the evidence would not support the lesser-included offenses; even though there is an instruction on lesser-included offenses requested by the defendant, the Court is not obligated to present such instructions to the jury.

"The evidence in this case would indicate clearly that if the jury chooses to believe it, that on July 18, 1974, in this County, Robert Sanders was the victim of an armed robbery.

"All of the elements of armed robbery have been shown by the evidence, including the use of a weapon; in this case, a pistol. Certainly an assault, by the use of that weapon; the taking of property from the complainant; the intention to deprive the complainant of that property permanently; and the transportation or movement of the property from the possession of the complainant.

"There isn't anything in the evidence which would indicate that there was anything other than an armed robbery, if it, in fact, occurred.

"The real question in this case has been one of identification, and that is the issue that really has been raised by the evidence and the one that the jury has to determine; although, of course, the jury can determine that the robbery did not occur at all, I suppose.

"But, certainly, if there was a crime committed, it was armed robbery, and not any of the lesser-included offenses.

"Under the authority which counsel and the Court have examined in Chambers—that primarily being the opinions of the Michigan Court of Appeals, I can't recall the last one we looked at, but two certainly indicate that the Court does not have an obligation to charge the jury on the lesser-included offenses.

"In this particular lawsuit, the Court, therefore, will respectfully decline to do so.

*"Mr. Kent [Defense counsel]:* Rather than renew my request, your Honor, at the close of instructions, I will simply indicate for the record that the request is a continuing one, and assuming the instructions to be as the Court indicates they will be, I will object now, in order to preserve the record."

We agree with the trial judge's assessment of the evidence. We would hold that no error existed up to that point. However this defendant was convicted on the testimony of an accomplice who had already been permitted to plead to simple larceny and the jury well knew it. The accomplice had been charged with armed robbery but pleaded guilty to a reduced charge of simple larceny and had been sentenced on that charge prior to giving his testimony. Juries are often puzzled by these seeming inequities. In this case, during deliberations, the jury sent back a note to the trial court which said:

"Can the jury find the defendant guilty of a lesser charge? Yes, or no?"

The court with the concurrence of both counsel replied "The answer is yes. All right. That's all". Seven minutes later the jury returned with a verdict of guilty on the original charge. During that short period the inference is inescapable that the jury considered and rejected finding the defendant guilty of a lesser charge. Following the note, counsel and the court conferred in chambers and agreed on the simple affirmative with the intention of elaborating, depending on the jury's reaction. In other words, the court reversed itself on the lesser offense ruling with the concurrence of both counsel after receiving the written query.

The court deferred to the jury's desire to consider clemency, often called a verdict of conscience.[4]

We think this was a reasonable if abbreviated way of handling the situation. The next step, that is, detailing the lesser included offenses, proved to be unnecessary by the jury's collective and unanimous action. After the in-chambers agreement was put on the record defense counsel asked what the next step would be:

*"Mr. Kent:* Your Honor, I'm just wondering if whoever has sent the note in then immediately asks the Court, 'what possible lesser offenses might there be', we retire to chambers again to—

*"The Court:* Then I will have to set down; I know what they are.

*"Mr. Kent:* Okay."[5]

We find no manifest injustice.

Defendant next asserts a violation of the 180-day rule, MCLA 780.131, *et seq.;* MSA 28.969(1), *et seq.* The issue is without merit. The proceedings were initiated within the 180-day limit when the prosecutor obtained a writ of habeas corpus on April 10, 1975, to bring defendant before the district court. *People v Castelli,* 370 Mich 147; 121 NW2d 438 (1963). This initial action was not followed by any "inexcusable delay" evidencing an intent not to bring the case promptly to trial. *People v Hendershot,* 357 Mich 300; 98 NW2d 568 (1959). The trial

---

[4] The lesser included offenses had not been "affirmatively excluded" and if there had otherwise existed an argument for implied exclusion it was answered in this simple proceeding. It leaves only the argument that the included offenses should then *sua sponte* have been spelled out in detail.

[5] The dissent prescinds from addressing this analysis considering it a *post hoc, ergo propter hoc* rationale unworthy of comment. We respect the position. Perhaps a review of the conflicting perspectives herein by the Supreme Court would be salubrious.

court correctly denied defendant's motion to dismiss on this ground.

Defendant's remaining allegations of error do not require reversal.

Affirmed.

QUINN, P. J., concurred.

BRONSON, J. *(dissenting)*. I dissent. The majority writes to affirm defendant's conviction despite the fact that the trial judge refused to give requested instructions on unarmed robbery and larceny from a person, necessarily included offenses of armed robbery. Apparently it is conceded that this was reversible error under *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), and *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975). The majority merely would not apply those cases retroactively.

I would suggest that the Supreme Court has decided that question contrary to the majority position. *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976); *People v Thomas,* 399 Mich 826 (1977). With one exception, a majority of every panel of this Court to consider the question is in disagreement with the majority opinion. *People v Jackson,* 70 Mich App 478; 245 NW2d 797 (1976); *People v Jones,* 71 Mich App 270; 246 NW2d 381 (1976); *People v Charles Jackson,* 71 Mich App 395; 249 NW2d 132 (1976); *People v Harrison,* 71 Mich App 226; 247 NW2d 360 (1976); *People v Page,* 73 Mich App 667; 252 NW2d 239 (1977).

As the cases will now stand, the only exceptions to this trend are *People v Clemons,* 74 Mich App 448; 253 NW2d 795 (1977), where a majority of the panel held that a defense of alibi precluded a defendant from receiving the benefits of *Ora Jones* retroactively, and this case, where the majority

avoids retroactive application of *Ora Jones* by admittedly engaging in "literary legerdemain".

I think the required result in this case is clear. Defendant's armed robbery conviction should not stand. Therefore I dissent.