PEOPLE v GULLEY

Robbery—Instructions to Jury—Armed Robbery—Unarmed Robbery—Lesser Included Offenses.

A trial court's refusal in an armed robbery case to instruct the jury on unarmed robbery as a lesser included offense constitutes reversible error where the existence of a weapon was in issue and the evidence would support a conviction on the lesser charge.

Appeal from Recorder's Court of Detroit, Geraldine B. Ford, J. Submitted April 21, 1977, at Detroit. (Docket No. 26276.) Decided August 16, 1977.

Oscar Gulley was convicted of armed robbery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Timothy L. Cronin,* Assistant Prosecuting Attorney, for the people.

*Townsend, Haley & Overton,* for defendant on appeal.

Before: V. J. Brennan, P. J., and D. F. Walsh and J. N. O'Brien,* JJ.

Per Curiam. Defendant was found guilty of

Reference for Points in Headnote

75 Am Jur 2d, Trial § 876 *et seq.*

* Circuit judge, sitting on the Court of Appeals by assignment.

robbery armed, contrary to MCLA 750.529; MSA 28.797, sentenced to life imprisonment and appeals.

The trial court refused to instruct on unarmed robbery as a lesser included offense. That refusal constitutes reversible error, where the evidence would support a conviction on the lesser charge, *People v Jones,* 71 Mich App 270; 246 NW2d 381 (1976), where the existence of a weapon was in issue.

Reversed and remanded for a new trial.