PEOPLE v ALLEN

Opinion of the Court

1. Criminal Law—Instructions to Jury—Included Offenses—Request for Instructions—Timely Requests.

A request for an instruction on the lesser included offense of unarmed robbery in a prosecution for armed robbery is timely where the request is made before the jury begins its deliberations.

2. Criminal Law—Instructions to Jury—Included Offenses—Armed Robbery—Unarmed Robbery.

Evidence that establishes the greater offense always supports the giving of instructions on necessarily included offenses, and unarmed robbery is a necessarily included offense of armed robbery.

3. Appeal and Error—Robbery—Instructions to Jury—Lesser Included Offenses—Armed Robbery—Unarmed Robbery—Remand—Prosecutor's Option.

The remedy for a trial judge's error in refusing to instruct a jury on the lesser included offense of unarmed robbery where the defendant was charged with and convicted of armed robbery is to remand for entry of judgment of conviction of the lesser offense and for resentencing; however, if the prosecuting attorney, in his discretion, determines that justice would be better served by retrial on the armed robbery charge, the trial court shall, upon notification by the prosecutor prior to resentencing, vacate the judgment of conviction of unarmed robbery and grant a new trial on the armed robbery charge.

4. Criminal Law—Sentence—Separate Crimes—Single Sentence—Failure to Specify Convictions—Error.

Conviction of two separate crimes requires that the judgment of

References for Points in Headnotes
[1, 2, 6] 75 Am Jur 2d, Trial §§ 876–881.
[3] 5 Am Jur 2d, Appeal and Error § 976.
[4] 5 Am Jur 2d, Appeal and Error § 953.
[5] 5 Am Jur 2d, Appeal and Error §§ 624–627.

sentence shall reflect the sentence imposed on each conviction and a trial judge commits error when he fails to specify whether the single sentence he imposed applied to both convictions.

5. APPEAL AND ERROR—CRIMINAL LAW—PROSECUTOR'S REMARKS— FAILURE TO OBJECT—CURATIVE INSTRUCTION—ELIMINATION OF PREJUDICE.

    A claim of prosecutorial misconduct raised for the first time on appeal does not require reversal where an objection and a timely curative instruction could have alleviated any potential prejudice flowing from the prosecutor's remarks.

DISSENT BY M. J. KELLY, J.

6. ROBBERY—ARMED ROBBERY—UNARMED ROBBERY—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES.

    *Denial of a defendant's request for instructions on the offense of unarmed robbery in a trial for armed robbery was not reversible error where evidence supported the armed robbery charge, and where the trial took place prior to December 18, 1975, the date of a decision of the Supreme Court which holds that unarmed robbery and larceny from a person are necessarily included offenses of armed robbery.*

Appeal from Saginaw, Hazen R. Armstrong, J. Submitted December 6, 1977, at Grand Rapids. (Docket No. 31568.) Decided January 23, 1978.

Ronald Allen was convicted of armed robbery and first-degree criminal sexual conduct. Defendant appeals. Affirmed in part, modified in part and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Peter C. Jensen,* Assistant Prosecuting Attorney, for the people.

*Craig H. Dill,* for defendant on appeal.

Before: DANHOF, C. J., and T. M. BURNS and M. J. KELLY, JJ.

DANHOF, C. J. Defendant was convicted by a jury of armed robbery, MCLA 750.529; MSA 28.797, and first-degree criminal sexual conduct, MCLA 750.520b(1)(e); MSA 28.783(2)(1)(e), and sentenced to 12 to 20 years imprisonment. He appeals by right.

Defendant's attorney at first declined an instruction on the lesser offense of unarmed robbery when the possibility of such an instruction being given was discussed in chambers, but later, before the jury began its deliberations, defense counsel did request such an instruction. The trial judge denied the request on the ground that it was not timely. In this he erred; the request for instruction prior to the beginning of deliberations was sufficient to preserve this issue for review. *People v Jones,* 71 Mich App 270, 272–273; 246 NW2d 381 (1976).

Evidence that establishes the greater offense always supports the giving of instructions on necessarily included offenses, and unarmed robbery is a necessarily included lesser offense of armed robbery. *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975). Since *Ora Jones* and *Chamblis* have been given retroactive application, *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976), *People v Jackson,* 70 Mich App 478, 480–481; 245 NW2d 797 (1976), we must reverse defendant's armed robbery conviction. Retrial on that charge is not required, however; instead, we remand for entry of a judgment of conviction of the lesser included offense of unarmed robbery and for resentencing, *People v Herbert Ross,* 73 Mich App 588, 594; 252 NW2d 526 (1977), provided, however, that if the prosecuting attorney, in his discretion, determines that justice would be better served by retrial on

the armed robbery charge, the trial court shall, upon notification by the prosecutor prior to resentencing, vacate the judgment of conviction of unarmed robbery and grant a new trial on the armed robbery charge. *People v Archie Smith,* 396 Mich 825; 238 NW2d 536 (1976), *People v Herbert Ross, supra,* at 594.

The trial judge failed to specify whether the single sentence he imposed applied to both convictions, and because that single sentence must be vacated because of the error committed, defendant shall be resentenced on his conviction of first-degree criminal sexual conduct, as well. The judgment of sentence shall reflect the sentence imposed on each conviction.

Defendant's claim of prosecutorial misconduct, which he raises for the first time on appeal, does not warrant reversal; if defendant had objected timely a curative instruction could have alleviated any potential for prejudice flowing from the prosecutor's remarks. *People v Humphreys,* 24 Mich App 411, 414; 180 NW2d 328 (1970).

Affirmed in part, modified in part, and remanded for further proceedings consistent with this opinion.

T. M. BURNS, J., concurred.

M. J. KELLY, J. *(dissenting).* Judge KELLY dissenting would affirm for the reasons stated in the majority opinion of *People v Wilkinson,* 76 Mich App 109; 256 NW2d 48 (1977).